IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, individually and on behalf of all similarly situated current and former employees, | )<br>)<br>) Case No. 23-cv-02187<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) Jury Trial Demanded |
| OLD DOMINION FREIGHT LINE INC., | )<br>) |
| Defendant. | ) |

**MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

NOW COMES Plaintiff JOHN KARARO, as proposed class representatives, by and through his attorney, James C. Vlahakis, and moves for leave of court to file a Second Amended Complaint for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

**I. Introduction**

1. Plaintiff JOHN KARARO ("Kararo") filed this putative class action against Defendant OLD DOMINION FREIGHT LINE INC. ("Defendant") conducts business in the State of Illinois and within this judicial district.

2. Plaintiff Kararo is an employee of Defendant who works at a facility located in Crest Hill, Illinois. Plaintiff asserts that Defendant violated BIPA by failing to obtain his express written consent to capture his biometric information.

3. Defendant's answer/responsive pleading is due on May 1, 2023.

4. Although defense counsel were retained to defend this matter within days of the filing of the Complaint, they are poised to seek a 30-day extension to answer or otherwise plead.

5. At the same time, Plaintiff is seeking leave to file a Second Amended Complaint to add three additional Plaintiffs. Plaintiff is not seeking to add any new

causes of action. Despite only proposing to add additional Plaintiffs, Defense counsel declined to consent to Plaintiff filing the Second Amended Complaint.

6. Defendant's position is puzzling where Plaintiff's counsel suggested to defense counsel that Defendant's proposed 30-day extension would have been effectively provided by the filing of the Second Amended Complaint. To be clear, while FRCP 15(a)(3) provides for a 14-day answer date after the filing of an amended complaint, Plaintiff was willing to entertain Defendant's request for an additional 30 days to answer or otherwise respond.

**II. Proposed Additional Plaintiffs and Related Facts**

7. TRI MINH LA ("La") is a current employee of Defendant who began working for Defendant on January 11, 2021.

8. Mr. La did not accept Defendant's offer of $500 (minus taxes) where this proposal was conveyed by Defendant to all current employees in an attempt to obtain a retroactive waiver of prior BIPA violations.

9. Sean Walker ("Walker") is a former employee of Defendant who worked at facilities located in Des Plaines, Illinois (starting in 2018) and Montgomery, Illinois (starting in January 2022). Mr. Walker ended his employment with Defendant in late March or early April of 2023.

10. MELVYN L. CAISON JR. ("Caison") is a former employee of Defendant who worked for Defendant at a facility located in Forestview, Illinois from April of 2015, until June of 2019.

11. The proposed Second Amended Complaint points out that as former employees, Mr. Walker and Mr. Caison were never presented with Defendant's $500 retroactive waiver.

12. The proposed Second Amended Complaint also points to the fact that Defendant continued to obtain retroactive waivers even after this lawsuit was filed. A proposed Second Amended Complaint is attached to this motion.

13. While not alleged in the Second Amended Complaint, Plaintiff cautioned Defendant about continuing to obtain retroactive BIPA waivers after it was put on notice of this putative class actoin. For example, Plaintiff's counsel cited to the following authorities:

- The Manual for Complex Litigation specifically advises that courts consider "notification to the members of the proposed class that the litigation is pending" when a defendant seeks releases from putative class members. Manual, § 21.12, p. 248 (4th ed. 2004).
- "If a defendant[, before certification,] attempts to obtain a release of claims in a pending class action without informing putative class members of the pendency of the lawsuit, it is likely that the releases obtained would be voidable." 2 Joseph M. McLaughlin, McLaughlin on Class Actions § 11:1 (13th ed. 2016).
- "Courts have . . . found procuring waiver, settlement, or arbitration agreements without providing adequate information about the pending class action [constitutes] misleading communications which the court may limit." O'Connor v. Uber Techs., Inc., No. 13-CV-3826, 2014 U.S. Dist. LEXIS 61066, 2014 WL 1760314, at *7 (N.D. Cal. May 2, 2014)(collecting cases)).

14. Defendant has declined multiple requests to discuss the propriety and impact of Defendant continuing to obtain retroactive waivers after being informed of this lawsuit.

### III. Stardard of Review

15. Plaintiff has filed a First Amended Complaint which corrected certain typographical errors and added additional facts related to Defendant's attempt to obtain retroactive waivers where employees were given seven (7) days to consider and sign the waiver. The document was provided to employees in the week leading up to the Easter Holiday. No new causes of action were raised in the First Amended Complaint. Similarly, no new causes of action are being added to the Second Amended Complaint.

16. Because Plaintiff has already filed an Amended Complaint, and Defendant refused to consider the addition of additional Plaintiffs, Plaintiff must seek leave of court pursuant to FRCP 15(a)(2). FRCP 15(a)(2) provides as follows:

> "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

17. Plaintiff's counsel has shown diligence by seeking to add additional Plaintiffs within a short time-period after being approached by current and former employees of Defendant.

18. No harm or prejudice will result from granting Plaintiff leave to file the Second Amended Complaint where Defendant has not answered the operative Complaint and where it was poised to seek an additional 30-days to answer or otherwise plead. Justice is served by having former employees represented by class representatives.

19. Further, adding additional Plaintiffs at this early juncture comports with judicial economy, rather than adding them as a later point in time.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully requests that this Honorable Court (**a**) grant Plaintiff leave of court to add the additional parties and allegations and (**b**) grant Defendant 30-days to answer or respond.

/s/ James C. Vlahakis

**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
312-766-0511 (office)
312-648-6127 (direct)
jamesv@vlahakislaw.com

*Counsel for Plaintiffs and*
*the putative class members*