**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN KARARO, SEAN WALKER, TRI MINH LA and MELVYN L. CAISON JR., individually and on behalf of all similarly situated current and former employees, | ) ) ) ) | Case No. 23-cv-02187 |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | District Judge Jorge L. Alonso |
| v. | ) | Magistrate Judge Heather K. McShain |
| | ) | |
| OLD DOMINION FREIGHT LINE INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS COMBINED MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, STRIKE OR DISMISS PLAINTIFFS' CLASS CLAIMS**

i

## Table of Contents

**INTRODUCTION** ................................................................................................................ 1

**BACKGROUND** .................................................................................................................. 2

**LEGAL STANDARD** .......................................................................................................... 3

**ARGUMENT** ....................................................................................................................... 4

    **I.**    **This Court Lacks Subject Matter Jurisdiction.** ........................................................ 4

        **A.**    **Plaintiffs Fail to Sufficiently Plead Jurisdiction Under 28 U.S.C. § 1332 or the Class Action Fairness Act.** ............................................................................... 4

        **B.**    **Plaintiffs' Section 15(a) Claims Are Not Yet Ripe.** ...................................... 5

    **II.**    **Count I Must Be Dismissed Pursuant to Rule 12(b)(6) Because Plaintiffs Fail to State a Claim for Violation of Section 15(a) of the BIPA.** ................................................ 7

        **A.**    **Plaintiffs' Own Allegations Demonstrate That Old Dominion Complied With Section 15(a).** ............................................................................................. 7

        **B.**    **Plaintiffs Fail to Sufficiently Plead Possession.** ........................................... 8

    **III.**    **Count II Must Be Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim for Violation of Section 15(b) of the BIPA.** ................................................................. 9

    **IV.**    **The Court Should Dismiss or Strike Plaintiffs' Claims for Statutory Damages.** ................ 10

        **A.**    **Plaintiffs Fail to Plead Old Dominion Acted Intentionally or Recklessly.** ........................... 10

        **B.**    **Plaintiffs Fail to Plead Old Dominion Acted Negligently.** ..................................... 11

    **V.**    **Plaintiff Caison's Claims Are Barred By the Doctrine of Judicial Estoppel.** ........................... 12

    **VI.**    **Plaintiffs' Claims Are Further Barred by the Doctrine of Laches.** ..................................... 14

    **VII.**    **Alternatively, The Court Should Strike or Dismiss Plaintiffs' Putative Class Claims.** ....... 15

**CONCLUSION** ................................................................................................................ 17

**Cases**

*AMTRAK v. Morgan*, 536 U.S. 101 (2002*)*.................................................................................. 17
*Apex Digital, Inc. v. Sears, Roebuck, & Co.*, 572 F.3d 440 (7th Cir. 2009)................................. 6
*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)............................................................................. 6
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 7
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).................................................................. 7
*Bogie v. Rosenburg*, 705 F.3d 603 (7th Cir. 2013) ............................................................... 10, 12
*Bohn v. Boiron, Inc.*, 2013 U.S. Dist. LEXIS 107928 (N.D. Ill. Aug. 1, 2013) .......................... 18
*Boyd v. Travelers Ins. Co.,* 166 Ill.2d 188 (Ill. 1995) ................................................................. 15
*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824 (7th Cir. 2009) .................................. 7
*Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006) ............................................................ 17
*Church of Our Lord & Savior Jesus Christ v. City of Markham*, 913 F.3d 670 (7th Cir. 2019).... 9
*Cothron v. White Castle, Sys.*, 2023 IL 128004 ........................................................................... 18
*Cty. of Cook v. HSBC N. Am. Holdings, Inc.*, 136 F. Supp. 3d 952, 957 (N.D. Ill. 2015) ............ 6
*Gunn v. Cont'l Cas. Co.*, 968 F.3d 802 (7th Cir. 2020) ............................................................. 16
*Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960 (N.D. Ill. 2020) ........................... 11, 12
*Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817 (N.D. Ill. May 24, 2013).......................... 18
*Home Ins. Co. v. Cincinnati Ins. Co.*, 213 Ill. 2d 307 (Ill. 2004) ............................................... 13
*Horn v. Method Prods., PBC*, No. 21 C 5621, 2022 U.S. Dist. LEXIS 67354 (N.D. Ill. Apr. 12, 2022).......................................................................................................................................... 9
*Kathrein v. City of Evanston*, 636 F.3d 906 (7th Cir. 2011)......................................................... 8
*Kirk v. Michael Reese Hosp. & Med. Ctr.*, 117 Ill. 2d 507 (Ill. 1987) ........................................ 15
*Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909 (N.D. Ill. 2021) ............................................... 9
*Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672 (7th Cir. 2009)............................................. 19
*Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580 (7th Cir. 2003) ............................ 9, 10
*Namuwonge v. Kronos, Inc.*, 418 F. Supp.3d 272 (N.D. Ill. 2019) ........................................... 14
*New Hampshire v. Maine*, 532 U.S. 742 (2001)......................................................................... 16
*People v. Ward*, 215 Ill. 2d 317 (2005)...................................................................................... 11
*Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177 (7th Cir. 1989) ................................................... 6
*Rogers v. CSX Intermodal Terminals, Inc.*, 409 F. Supp. 3d 612 (N.D. Ill. 2009)...................... 14
*Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 .............................................................. 15
*Russo v. Range, Inc.*, 76 Ill. App. 3d 236 (1st Dist. 1979) ........................................................ 13
*Sawyer v. Vivint, Inc.*, 2015 U.S. Dist. LEXIS 69184 (N.D. Ill. May 28, 2015)........................... 20
*Simonian v. Meadwestvaco Corp.*, 812 F. Supp. 2d 925 (N.D. Ill. 2011) .................................. 14
*Sweeney v. Raoul*, 990 F.3d 555 (7th Cir. 2021) ........................................................................ 9
*Tims v. Blackhorse Carriers, Inc.*, No. 127801 (Feb. 2, 2023)................................................... 19
*Vill. of Bellwood v. Am. Nat'l Bank & Trust Co. of Chicago*, 2011 IL App (1st) 093115 ........... 13
*W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666 (7th Cir. 2015) ...... 17
*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) ............................................................... 20
*Wright v. Family Dollar, Inc.*, 2010 U.S. Dist. LEXIS 126643 (N.D. Ill. Nov. 30, 2010)........... 18
*Yeftich v. Navistar, Inc.*, 722 F.3d 911 (7th Cir. 2013)................................................................ 7

**Statutes**

740 ILCS 14/15(a) ................................................................................................................... 9, 10
740 ILCS 14/15(b) ................................................................................................................... 12
740 ILCS 14/20........................................................................................................................ 13

**Rules**

Fed. R. Civ. P. 10(c) ................................................................................................................ 10
Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 6
Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 7
Fed. R. Civ. P. 12(c) ................................................................................................................. 7
Fed. R. Civ. P. 12(h)(2)(B) ...................................................................................................... 7
Fed. R. Civ. P. 12(h)(3) ............................................................................................................ 6
Fed. R. Civ. P. 12(h)(3) ............................................................................................................ 7
Fed. R. Civ. P. 23(a) ............................................................................................................... 20
Fed. R. Civ. P. 23(b)(1) .......................................................................................................... 20
Fed. R. Civ. P. 23(b)(2) .......................................................................................................... 20
Fed. R. Civ. P. 23(b)(3) .......................................................................................................... 20

## **INTRODUCTION**

Plaintiffs are current and former employees of Defendant Old Dominion Freight Line, Inc. ("Old Dominion"). In their Second Amended Complaint (Dkt. 14, "Complaint"), Plaintiffs bring two claims against Old Dominion for violation of Sections 15(a) and 15(b) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). Plaintiffs bring their claims on behalf of themselves and two putative classes of current and former Old Dominion employees whose rights under Section 15(a) and 15(b), respectively, Old Dominion purportedly violated. Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(c) for several reasons.

*First*, Plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) because (i) Plaintiffs fail to plausibly plead the amount in controversy prerequisite to establish traditional diversity jurisdiction or jurisdiction under the Class Action Fairness Act, and (ii) Plaintiffs' claims pursuant to Section 15(a) of the BIPA are not ripe.

*Second*, Plaintiffs also fail to state a claim for the violation of Section 15(a) as alleged in Count I because (i) the allegation that Old Dominion lacks a policy meeting the requirements of Section 15(a) is belied by Old Dominion's publicly-available Privacy Policy, which Plaintiffs incorporate by reference in the Complaint and which is attached hereto; and (ii) Plaintiffs fail to plausibly plead that Old Dominion was or is in "possession" of their biometric identifiers or biometric information, which is required to state a Section 15(a) claim.

*Third*, Count II fails to state a claim for violation of Section 15(b) of the BIPA because Plaintiffs' own allegations establish they both expressly and impliedly consented to using the timekeeping system at issue, the acts forming the very basis of the Complaint.

*Fourth*, Plaintiffs' claims should be dismissed, or in the alternative, their claims for statutory liquidated damages should be stricken, because they fail to plausibly plead that Old Dominion's purported violations of BIPA were either negligent, reckless or intentional.

*Fifth*, the Court should grant judgment on the pleadings as to Plaintiff Caison's claims because he failed to disclose them in bankruptcy proceedings and is judicially estopped from pursuing them here.

*Sixth*, Plaintiffs' claims are also barred in their entirety by the doctrine of laches because their delay in raising their claims prior to filing the Complaint was unreasonable and prejudicial.

*Finally,* in the event that the Court does not dismiss all of Plaintiffs' claims, the Court should dismiss the putative class claims or strike the allegations as to the putative class on the grounds that Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23.

## **BACKGROUND**

The following facts are taken from Plaintiffs' Second Amended Class Action Complaint and are taken as true for purposes of this Motion only. Plaintiffs John Kararo and Tri Minh La are current employees of Defendant. (Dkt. 14, ¶¶ 3, 7). Plaintiff Sean Walker worked for Defendant from 2018 to March or April 2023, and Plaintiff Melvyn Caison worked for Defendant between April 2015 and June 2019. (*Id*., ¶¶ 5-6, 8). Plaintiffs allege that during their employment, "Defendant utilized a time clock system that required each Plaintiff and other employees to scan, upload and/or use at least one form of a unique 'biometric identifier' in order [sic] allow Plaintiffs and other employees to log in and out of Defendant's time clock system." (*Id.,* ¶ 14). The time clock system Old Dominion utilized as a Kronos time clock system. (*Id.,* ¶ 15).

In Count I of the Complaint, Plaintiffs allege that Old Dominion violated Section 15(a) of the BIPA by allegedly failing to institute, maintain, and adhere to a publicly available retention and destruction schedule for biometric identifiers and biometric information. On behalf of

themselves and a putative class of current and former Old Dominion employees (the "Count I Class"), Plaintiffs seek injunctive and equitable relief, statutory liquidated damages in the amount of $1,000 for each negligent violation of Section 15(a) and $5,000 for each reckless or intentional violation of Section 15(a), attorneys' fees and costs, and interest. (Dkt. 14 at Count I "Wherefore" paragraph). In Count II, Plaintiffs allege that Old Dominion violated Section 15(b) by allegedly failing to obtain informed consent and releases before obtaining individuals' alleged biometric identifiers or biometric information. On behalf of themselves and a putative class of current and former Old Dominion employees (the "Count II Class"), Plaintiffs seek injunctive and equitable relief, statutory liquidated damages in the amount of $1,000 for each negligent violation of Section 15(b) and $5,000 for each reckless or intentional violation of Section 15(b), attorneys' fees and costs, and interest. (*Id.* at Count II "Wherefore" paragraph).

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. Fed. R. Civ. P. 12(b)(1); *Cty. of Cook v. HSBC N. Am. Holdings, Inc.*, 136 F. Supp. 3d 952, 957 (N.D. Ill. 2015). When a defendant challenges jurisdiction, the plaintiff must establish that jurisdiction exists. *Apex Digital, Inc. v. Sears, Roebuck, & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). The Court must review its jurisdiction before examining the merits of the case. *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). If the Court concludes that subject-matter jurisdiction does not exist, it "must dismiss the complaint in its entirety" without examining the merits. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

Under Rule 12(b)(6), dismissal is appropriate when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). Claims are facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.,* 722 F.3d 911, 915 (7th Cir. 2013). That means plaintiffs cannot "merely parrot statutory language of the claims … rather than providing some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see also Iqbal,* 556 U.S. at 678 ("legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Pursuant to Rule 12(c), a defendant may assert the defense that the plaintiff has failed to state a claim upon which relief may be granted in a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2)(B). Accordingly, a Rule 12(c) motion for judgment on the pleadings is evaluated in the same fashion as a motion to dismiss for failure to state a claim raised under Fed. R. Civ. P. 12(c); *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009).

## **ARGUMENT**

### I.    **This Court Lacks Subject Matter Jurisdiction.**

#### A.    **Plaintiffs Fail to Sufficiently Plead Jurisdiction Under 28 U.S.C. § 1332 or the Class Action Fairness Act.**

Plaintiffs have not adequately and unambiguously pled the elements necessary to demonstrate this Court's subject matter jurisdiction and thus, the action must be dismissed. Fed. R. Civ. P. 12(h)(3). Plaintiffs allege the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because each Plaintiff is of diverse citizenship from Defendant and the amount in controversy exceeds $75,000. (Dkt. 14, at ¶¶ 17-18). In support, Plaintiffs allege "[e]ach Plaintiff could recover $75,000 in statutory damages by using Defendant's time clock a minimum of seventy-five (75) times." (*Id.* at ¶ 19). Plaintiffs further claim the putative class will meet the $5,000,000 amount-in-controversy threshold to establish jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

4

1332 ("CAFA") "where 5,001 individual violations of BIPA (involving 100 or more putative class members) would exceed $5,000,000 in damages." (*Id.* at ¶¶39-41). Under both theories, Plaintiffs' invocation of federal jurisdiction is necessarily dependent on the award of statutory damages for each alleged use of the time clock at issue, *i.e.*, "per scan." There is no other way Plaintiffs could meet the amount in controversy requirements where statutory damages under BIPA are limited to a maximum of $1,000 per negligent violation and $5,000 per reckless or intentional violation.[1]

However, Plaintiffs subsequently disclaimed seeking "per scan" damages. *See* Plaintiffs' Resp. in Opp. to Defendant's Motion to Stay, Dkt. 18, p. 9, n. 1. Plaintiffs argued, "Defendant is misleading the Court by suggesting that Plaintiffs are seeking $1,000, or $5,000 for each purported violation of BIPA" because "[n]o such claim is raised in Plaintiffs' wherefore clauses or [the cited paragraphs]." (*Id.*) As such, Plaintiffs have disclaimed the only potential damages theory that would support their invocation of this Court's jurisdiction based on the claims they have asserted.[2] Thus, because Plaintiffs have not met their burden of establishing federal jurisdiction, the Court must dismiss this case in its entirety pursuant to Rule 12(h)(3).

### B.      Plaintiffs' Section 15(a) Claims Are Not Yet Ripe.

This Court lacks jurisdiction over Plaintiffs' Section 15(a) claims as to Kararo, La, and Walker for a second reason: they are not yet ripe. *Kathrein v. City of Evanston*, 636 F.3d 906, 916 (7th Cir. 2011). A claim is ripe only if an actual injury has occurred. *Church of Our Lord & Savior Jesus Christ v. City of Markham*, 913 F.3d 670, 676 (7th Cir. 2019). "The ripeness doctrine arises out of the Constitution's case-or-controversy requirement, as claims premised on uncertain or contingent events present justiciability problems." *Id.* "Plain and simple, ripeness is peculiarly a

---

[1] In *Cothron v. White Castle Sys.*, 2023 IL 128004, ¶ 42 (Ill. 2023), the Illinois Supreme Court confirmed that statutory damages are discretionary. Thus, the *maximum* award is $1,000 per negligent violation and $5,000 per reckless or intentional violation.
[2] To be clear, Defendant denies that Plaintiffs could recover separate awards of statutory liquidated damages on a "per scan" basis.

question of timing." *Sweeney v. Raoul*, 990 F.3d 555, 560 (7th Cir. 2021) (citation omitted). Courts must avoid merely advisory decisions "that may turn out to be irrelevant." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).

BIPA's Section 15(a) requires a private entity in possession of biometric identifiers or biometric information to establish a retention schedule and guidelines for permanently destroying the same "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiffs allege "upon information and belief" that Old Dominion "does not destroy 'biometric identifiers' or 'biometric information' 'within 3 years of the individual's last interaction with [Old Dominion]'[.]" (Dkt. 14, ¶ 56). Even if accepted as true for purposes of this Motion – which Old Dominion does not concede (Section II.A. *infra*) – Plaintiffs cannot plausibly sustain an actual injury, if any injury at all, until Old Dominion has an obligation to destroy Plaintiffs' alleged biometric information or identifiers and fails to do so. *See, e.g., Horn v. Method Prods., PBC*, No. 21 C 5621, 2022 U.S. Dist. LEXIS 67354, at *10 (N.D. Ill. Apr. 12, 2022) (dismissing Section 15(a) claim for lack of standing where plaintiff did not adequately plead that the time in which defendant must destroy biometric data had passed). Indeed, Section 15(a) makes clear that Plaintiffs could suffer no injury until 3 years after their last interaction with Old Dominion. *Id.*; *see also Kislov v. Am. Airlines, Inc.,* 566 F. Supp. 3d 909, 914 (N.D. Ill. 2021) (where collection of biometrics did not occur more than three years prior to filing of the complaint, "[a]ny claim for unlawful retention of biometric data is likely not yet ripe").

Here, two Plaintiffs, Kararo and La, are current employees of Old Dominion. Plaintiff Walker, meanwhile, alleges that his employment with Old Dominion ended just months ago. Even

assuming, *arguendo,* Old Dominion is in possession of Plaintiffs' alleged biometric data[3] and lacks a destruction policy as Plaintiffs allege, Old Dominion has not failed to do anything because its obligation to destroy purportedly retained data has not yet arisen. Any argument that Plaintiffs Kararo, La, or Walker *may* suffer an injury *if* Old Dominion fails to comply with its *future* destruction obligation (to the extent such obligation exists) is entirely too speculative to present an actual case or controversy sufficient to confer subject matter jurisdiction. *See Lear*, 353 F.3d 580 at 583. Thus, this Court does not have jurisdiction over Plaintiffs' Section 15(a) claims and the Court should dismiss those claims pursuant to Rule 12(b)(1).

**II.**  **Count I Must Be Dismissed Pursuant to Rule 12(b)(6) Because Plaintiffs Fail to State a Claim for Violation of Section 15(a) of the BIPA.**

**A.**  **Plaintiffs' Own Allegations Demonstrate That Old Dominion Complied With Section 15(a).**

Plaintiffs allege that Old Dominion failed to comply with BIPA's requirement to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 ILCS 14/15(a). While a Court is generally limited to pleadings on a Rule 12(b)(6) motion, documents incorporated by reference are considered part of the pleadings for any purpose. Fed. R. Civ. P. 10(c). Moreover, allegations in a document that is part of a pleading trump allegations in the complaint if the document contradicts the pleading. *Bogie v. Rosenburg*, 705 F.3d 603, 609 (7th Cir. 2013).

Here, documents Plaintiffs incorporated by reference into their Complaint refute their allegations that Old Dominion failed to develop a written policy for the retention and destruction of alleged biometric data. Plaintiffs provide a link to the "Privacy Policy" page of Old Dominion's website, thereby incorporating it by reference into the Complaint. (Dkt. 14, ¶ 56). Old Dominion's

---

[3] Defendant uses "biometric data" to refer generically to both "biometric identifiers" and "biometric information."

Privacy Policy demonstrates that Plaintiffs' allegations in Count I are incorrect and unsupported. Specifically, the Policy makes all disclosures necessary under Section 15(a) (to the extent they were even required), including: (i) Old Dominion may collect Biometric Data, (ii) Personal Information, inclusive of Biometric Data, may be collected when an individual applies for employment, (iii) the legitimate business purposes for which Old Dominion may collect biometric data, including "employee time management," and (iv) Personal Information, inclusive of Biometric Data, will be retained for the period necessary to fulfill that business purpose in compliance with applicable laws. (Privacy Policy, attached as Ex. A; it may also be found at https://www.odfl.com/us/en/privacy-policy.html.) It is therefore plain from the face of the Privacy Policy, and Complaint, that Old Dominion does in fact maintain a publicly available policy establishing a compliant retention and destruction schedule as to biometric data, to the extent it is even required to do so. Accordingly, Plaintiffs have pled themselves out of court with respect to the 15(a) claim and Count I should be dismissed pursuant to Rule 12(b)(6).

**B.** **Plaintiffs Fail to Sufficiently Plead Possession.**

Count I also fails because Section 15(a) applies only to entities in "possession" of biometric identifiers or biometric information. 740 ILCS 14/15(a). Entities that do not possess biometric data are not subject to its requirements. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 968-69 (N.D. Ill. 2020). While BIPA does not define "possession," "possession, as ordinarily understood, occurs when a person has or takes control of the subject property or holds the property at his or her disposal." *People v. Ward*, 215 Ill. 2d 317, 325 (2005). Plaintiffs do not allege any facts to plausibly suggest that Old Dominion was in control of their alleged biometric identifiers or biometric information, or had such data at its disposal. Plaintiffs do not allege Old Dominion controlled the biometric data allegedly captured or stored by the timekeeping system, nor do Plaintiffs allege that Old Dominion personnel had access to the data. Rather, Plaintiffs merely

plead "upon information and belief, the time clock utilized by Defendant used, captured, collected and/or stored the 'biometric identifiers' of Plaintiffs and putative class members." (Dkt. 14, ¶ 33). Thus, Plaintiffs "merely parrot the statutory language" of the BIPA, which is insufficient to plead possession. *See Heard*, 440 F. Supp. 3d at 968 (dismissing plaintiff's Section 15(a) and 15(d) claims where plaintiff did "not plead that [defendant] exercised any form of control over the data or that it held the data 'at [its] disposal.'").

Accordingly, Plaintiffs have not pled sufficient facts to plausibly plead a violation of a required element of Section15(a), and the Court should dismiss Count I as a result.

### III. Count II Must Be Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim for Violation of Section 15(b) of the BIPA.

Old Dominion's Privacy Policy, which is incorporated by reference into the Complaint (Dkt. 14, at ¶ 56), expressly demonstrates that Plaintiffs' claims that Old Dominion violated Section 15(b)(1)-(2) are baseless. Those Sections require a private entity to inform the subject in writing that biometric data is being collected and stored, and the purpose and length of term for which it is being collected, stored and used. 740 ILCS 14/15(b). As set forth above, Old Dominion's Privacy Policy, made available to the public (including Plaintiffs) provides, in writing, that it may collect its employees' biometric data for the legitimate business purpose of employee timekeeping. (Ex. A at p. 5). The Policy also states the specific purpose and length of term for which any biometric data is being collected, stored and used. (Ex. A at p. 7). The Policy trumps Plaintiffs' allegations and thus, Plaintiffs have failed to state a violation of Section 15(b)(1)-(2). *Bogie*, 705 F.3d at 609.

Moreover, the Complaint also establishes Plaintiffs' implied consent to the purported collection of their alleged biometric identifiers and biometric information. An individual "may waive a statutory right as long as there was an intentional relinquishment of a known right." *Vill.*

9

*of Bellwood v. Am. Nat'l Bank & Trust Co. of Chicago*, 2011 IL App (1st) 093115, ¶ 25. Implied waiver occurs where "conduct of the person against whom waiver is asserted is inconsistent with any intention other than to waive [the right]." *Home Ins. Co. v. Cincinnati Ins. Co.*, 213 Ill. 2d 307, 326 (Ill. 2004). Here, Plaintiffs plead that they were required to scan their alleged "biometric identifier" every time they logged in and out of Old Dominion's time clock system. (Dkt. 14, at ¶ 14). Plaintiffs do not allege that they did not know they were scanning what they call a "biometric identifier" or that they objected to doing so. In using the timekeeping system under these circumstances, Plaintiffs both assumed any attendant risk of harm from the use of the time clock (if any) and impliedly consented to the alleged collection and use of their alleged biometric identifiers and biometric information for timekeeping purposes. As such, Plaintiffs cannot now assert a claim for relief under the BIPA. *See Russo v. Range, Inc.,* 76 Ill. App. 3d 236, 238 (1st Dist. 1979) ("a plaintiff cannot elude" application of the assumption-of-risk doctrine "with protestations of ignorance in the face of obvious danger").

## IV. The Court Should Dismiss or Strike Plaintiffs' Claims for Statutory Damages.

The BIPA provides that a prevailing party *may* recover for each violation statutory liquidated damages in the maximum amount of $1,000 for each negligent violation of the statute or $5,000 for each intentional or reckless violation of the statute. 740 ILCS 14/20. Although not defined by the BIPA, the meaning of "negligent," "intentional" or "reckless" are well-established. As set forth below, Plaintiffs fail to plead either a negligent, reckless, or intentional state of mind sufficient to plausibly make their claim for statutory damages.

### A. Plaintiffs Fail to Plead Old Dominion Acted Intentionally or Recklessly.

Illinois courts define "intentional conduct" as "conduct performed with a 'desire to cause consequences or at least a substantially certain belief that consequences will result.'" *Rogers v. CSX Intermodal Terminals, Inc*., 409 F. Supp. 3d 612, 618 (N.D. Ill. 2009). Recklessness denotes

10

a course of action which shows an utter indifference to or a conscious disregard." *Id.* Accordingly, to satisfy Federal Rule 8, Plaintiffs must allege "sufficient underlying facts from which a court may reasonably infer that [Old Dominion] acted with the requisite state of mind." *Id.*; *Simonian v. Meadwestvaco Corp.*, 812 F. Supp. 2d 925, 928-29 (N.D. Ill. 2011).

In *Rogers*, the court dismissed an allegedly reckless or intentional BIPA violation claim where the plaintiff simply alleged that the violations were "knowing and willful." 409 F. Supp. 3d at 619. The court reasoned that plaintiff's "conclusory statement of [the defendant's] intent [was] insufficient to allow [the court] to infer that [the defendant] acted intentionally or recklessly and does nothing to distinguish this case from every possible BIPA case where the defendant is alleged to have failed to meet the strictures of Section 15." *Id.* Plaintiffs' allegations offer even less factual support for their statutory damages demand than the *Rogers* plaintiff's. Plaintiffs have not alleged – even in a conclusory manner – that Old Dominion acted intentionally or recklessly. Plaintiffs allege only a violation of the statute. This is insufficient and warrants dismissal. *Rogers*, 409 F. Supp. 3d at 619; *see also Namuwonge v. Kronos, Inc.*, 418 F. Supp.3d 272, 286 (N.D. Ill. 2019) ("abstract statements regarding damages are insufficient for the Court to infer that [defendant] acted recklessly or intentionally").

### B.     Plaintiffs Fail to Plead Old Dominion Acted Negligently.

Plaintiffs fail to plead facts plausibly suggesting that Old Dominion acted negligently in allegedly violating the BIPA. To plead negligence under Illinois law, a plaintiff must show "the existence of duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Kirk v. Michael Reese Hosp. & Med. Ctr.*, 117 Ill. 2d 507, 525 (Ill. 1987). An injury must be actual to establish negligence; "[a] threat of future harm not yet realized, is not actionable." *Boyd v. Travelers Ins. Co.,* 166 Ill.2d 188, 197 (Ill. 1995). As set forth in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, a plaintiff can state a cause of action

11

under the statute by pleading a violation. However, to award liquidated damages under Section 20(2) the BIPA requires a plaintiff to meet the higher threshold of establishing an actual injury, not just a violation of the statute. To interpret the BIPA otherwise would render the Illinois General Assembly's use of the word "negligently" meaningless.

Plaintiffs fail to allege any tangible injury proximately caused by Defendant's alleged conduct. The only arguable harm Plaintiffs claim to have suffered is that their biometric data was unlawfully retained or unlawfully collected. (Dkt. 14, ¶¶ 57, 82-83). This amorphous alleged harm is just another way of saying that the statute was violated in attempt to meet the higher threshold of actual injury required under Section 20(2). Because Plaintiffs do not, and cannot, assert that Defendant's alleged violation led to the misuse of their data (because it did not) or caused any specific and actualized harm, they have not, and cannot, adequately plead a negligent violation of the BIPA. Thus, Plaintiffs have failed to plead the state of mind requirement necessary to support a claim for statutory damages, and their claims should be dismissed as a result. At the very least, the Court should strike and/or dismiss Plaintiffs' request for statutory damages.

## V.      Plaintiff Caison's Claims Are Barred By the Doctrine of Judicial Estoppel.

The Court should grant Defendant judgment on the pleadings with respect to Plaintiff Caison's claims because they are barred by the equitable doctrine of judicial estoppel. Federal courts may rule on affirmative defenses at the pleadings stage when no factual information outside of what is properly before the court is needed to rule. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807 (7th Cir. 2020). The allegations of the Complaint, together with publicly-filed documents of which this Court can take notice, make clear that Plaintiff Caison's claims fail as a matter of law.[4]

---

[4] In the context of a Rule 12(c) motion for judgment on the pleadings, "[a] court may take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue." *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 500 F. Supp. 2d 864, 867 (N.D. Ill. 2007).

Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-750 (2001) (internal citations and quotations omitted). Where a party asserts a position in a legal proceeding and obtains a benefit, a court may invoke judicial estoppel to prevent the party from later taking a contrary position to obtain another benefit. *Id.* at 749-751.

Here, Plaintiff Caison filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois in January 2018. *See* Case No. 18-00192, Dkt. 1 (Bankr. N.D. Ill.). Those proceedings are ongoing. Plaintiff Caison was required to disclose the claims he asserts in this action as contingent assets in his bankruptcy proceedings. *See* 11 U.S.C. § 1306 (property of Chapter 13 estate includes property acquired after commencement of the case and before dismissal). In his publicly filed Schedule of Assets that was included in the Chapter 13 Bankruptcy Plan filed by Plaintiff Caison on March 6, 2018, and approved by the Court, he failed to disclose the existence of his claims against Old Dominion. *See* Case No. 18-00192, Dkt. 33 (Bankr. N.D. Ill.). Yet, he was employed by Old Dominion at the time and had been so employed for years. (Compl. ¶ 8). He has also not amended his schedule of assets to include his purported claims against Old Dominion even since being named as a Plaintiff in the instant action on May 10, 2023, when Plaintiff Caison was undeniably aware of the claims he asserts here.

Under the doctrine of judicial estoppel, Caison cannot manipulate the judicial process by seeking to recover on claims that he failed to disclose to the bankruptcy court and trustee while reaping benefits in bankruptcy, such as the automatic stay entered. Indeed, the Seventh Circuit and district courts have repeatedly recognized that judicial estoppel applies where a debtor conceals a claim by failing to disclose it. In *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006), the Seventh Circuit ruled that "a debtor in bankruptcy who denies owning an asset,

13

including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends," and noted that to hold otherwise would result in "perversion of the judicial process." (Internal quotations omitted.) Thus, the plaintiff, who asserted a Rehabilitation Act claim against her employer that she failed to disclose in her bankruptcy proceedings, was judicially estopped from pursuing the claim. The same should hold true here. Plaintiff Caison should be judicially estopped from bringing his undisclosed claims against Old Dominion in this litigation.

## VI.    <u>Plaintiffs' Claims Are Further Barred by the Doctrine of Laches.</u>

Plaintiffs' claims are further barred by the doctrine of laches and should be dismissed under Rule 12(c). The doctrine of laches "bars a plaintiff from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant." *AMTRAK v. Morgan*, 536 U.S. 101, 121 (2002*); see also W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 678 (7th Cir. 2015) (under Illinois law, laches provides a defense when a party's failure to timely assert a right causes prejudice to the adverse party). To properly plead laches, Defendants must allege: (1) an unreasonable delay despite having actual or constructive knowledge of a right; and (2) harm or prejudice to the party against which laches has been asserted. *W. Bend Mut.*, 794 F.3d at 678 (Illinois law).

Here the plaintiffs' actions unquestionably denied Old Dominion the opportunity to pursue a different course and avoid the accrual of potential liability, even if Old Dominion actually did nothing improper. Specifically, Plaintiffs allege that Caison worked for Old Dominion between 2015 and 2019, Walker worked from 2018-2023, and Kararo and La started in 2021. (Dkt. 14, ¶¶ 4-8). They allege that Old Dominion failed to obtain their written consent or make allegedly necessary disclosures under the BIPA before obtaining their alleged biometric identifiers. (*Id.,* ¶¶ 5-7). Plaintiffs do not allege that they complained or objected to providing their alleged biometric identifiers. To the contrary, they admit they used the timeclock each time they logged in or out of

work.  (*Id.* ¶ 14).  Plaintiffs' failing to complain about the use of the timeclock system, or even raise any concerns, have prejudiced Old Dominion by depriving the Company of the opportunity to address (to the extent necessary) the concerns of Plaintiffs and others in real-time. This is exactly the type of result Justice Overstreet foretold in his dissenting opinion in *Cothron v. White Castle Sys.*, writing "[u]nder the majority's rule, plaintiffs would be incentivized to delay bringing their claims as long as possible" in order "to keep racking up damages." 2023 IL 128004, ¶ 60.

Because Plaintiffs unreasonably delayed in bringing their claims against Old Dominion, to its prejudice, they are barred from recovering by the doctrine of *laches.* Particularly given that Plaintiffs have made no allegations of a breach with respect to their alleged biometric data or that it was misused in any way, or alleged any actual injury, this Court should dismiss Plaintiffs' claims under Sections 15(a) and (b) and enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## VII.  <u>Alternatively, The Court Should Strike or Dismiss Plaintiffs' Putative Class Claims.</u>

Where a complaint makes clear that class certification is inappropriate, a court may strike or dismiss the class allegations at the pleading stage. *See Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. May 24, 2013) (granting motion to strike class allegations); *Bohn v. Boiron, Inc.*, 2013 U.S. Dist. LEXIS 107928, *29 (N.D. Ill. Aug. 1, 2013) (same); *Wright v. Family Dollar, Inc.*, 2010 U.S. Dist. LEXIS 126643, at *1 (N.D. Ill. Nov. 30, 2010) (same).

Plaintiffs' proposed class definition is overbroad on its face.  "If … a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." *Kohen v. Pac. Inv. Mgmt. Co. LLC,* 571 F.3d 672, 677 (7th Cir. 2009) ("[A] class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant."). The Complaint proposes a putative "[c]lass comprised of

15

all current and former employees of Defendant (working in the State of Illinois) who had their 'biometric information' and/or 'biometric identifiers' collected, captured and otherwise obtained by Defendant in violation of [Sections 15(a) and 15(b)] of BIPA." (Dkt. 14, ¶¶60, 90).

As defined, without any temporal restriction, the proposed class will likely include former employees whose claims are barred by the five-year statute of limitations and cannot bring any actionable claim against Old Dominion. *Tims v. Blackhorse Carriers, Inc.*, No. 127801 (Feb. 2, 2023) (holding five-year statute of limitations applies to Sections 15(a), 15(b), and (e)). With regard to the putative class's claims under Section 15(b), the question of when their claims accrued, if at all, is an open one. The petition for rehearing in *Cothron* remains pending at the Illinois Supreme Court and could provide clarity as to when claims accrue for purposes of judging timeliness (*i.e.*, whether a claim accrues with each scan or only upon the first scan). Either way, the proposed class will include some putative members whose purported claims accrued outside of the five-year statute of limitations. Plaintiffs' broadly defined class would include former employees whose biometric data was purportedly collected *for the last time* over five years before Plaintiffs filed the instant litigation.

No amount of discovery will enable Plaintiffs to establish the elements of Rule 23.[5] With regard to the Rule 23(a) requirements, factual inquiries specific to each putative class member will be necessary and will prevent Plaintiffs from meeting the requirements of commonality and typicality. Fed. R. Civ. P. 23(a). For example, whether the employee signed a release of claims, whether, even if not required to, Defendant took all necessary steps under the BIPA even if Plaintiffs' allegations were otherwise correct, the employee's start date and end date of employment, whether the employee has already recovered through a settlement agreement with a

---

[5] Old Dominion does not attempt to set forth all of its arguments in opposition to class certification in this Motion, all of which are expressly reserved.

16

timekeeping vendor, and whether the employee has filed for bankruptcy or has otherwise lost standing to assert his or her claims are all questions specific to the individual employee that must be answered. Notably, Plaintiffs allege that certain current employees signed release agreements both before and after the filing of the instant lawsuit. (Dkt, 14, ¶¶ 84-88). To the extent Plaintiffs seek to recover for individuals signing releases or otherwise challenge the validity of these releases, individual inquiries will be necessary that will swallow any common issues.

Plaintiffs also cannot establish that the putative class satisfies Rule 23(b). Plaintiffs cannot establish that the class should be certified under Rule 23(b)(1) because there is no reason why individual adjudications would lead to incompatible standards of conduct for each individual defendant. Fed. R. Civ. P. 23(b)(1). Certification under 23(b)(2) is also not appropriate because the damages Plaintiffs seek are not incidental to the injunctive relief they seek. Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 360 (2011). Moreover, former employees cannot seek injunctive or declaratory relief against an employer. *See, e.g., Sawyer v. Vivint, Inc.*, 2015 U.S. Dist. LEXIS 69184, *8 (N.D. Ill. May 28, 2015).

Finally, even if Plaintiffs can establish the existence of common questions across the putative class, Plaintiffs cannot establish, as a result of their own pleading, that those common questions predominate as required by Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3). As set forth above, the number of individual issues will predominate over any common questions of law and fact. Therefore, if the Court does not dismiss the Complaint, it should nevertheless strike Plaintiffs' class allegations.

## **CONCLUSION**

For the foregoing reasons, Defendant Old Dominion respectfully requests that this Court dismiss Plaintiffs' Second Amended putative Class Action Complaint pursuant to Rules 12(b)(1),

12(b)(6) and 12(c) of the Federal Rules of Civil Procedure or, in the alternative, strike Plaintiffs'

class allegations, and for any additional relief deemed just and appropriate.

Dated: June 16, 2023                                     Respectfully submitted,

                                                         **OLD DOMINION FREIGHT LINE,**
                                                         **INC.**

                                         By:

                                                         /s/ *Jody Kahn Mason*_____
                                                           One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Hannah Griffin Garlough
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Hannah.Garlough@jacksonlewis.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Jody Kahn Mason, an attorney, certify that on June 16, 2023, I caused a true and correct copy of the attached **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS COMBINED MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT OR, <u>IN THE ALTERNATIVE, STRIKE OR DISMISS PLAINTIFFS' CLASS CLAIMS</u>** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's system.

*/s/ Jody Kahn Mason*

19