IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, SEAN WALKER, TRI MINH LA and MELVYN L. CAISON JR., individually and on behalf of all similarly situated current and former employees, | Case No. 23-cv-02187 |
| | The Honorable Jorge L. Alonso |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| OLD DOMINION FREIGHT LINE INC., | |
| Defendant. | |

**JOINT INITIAL STATUS REPORT**

NOW COME the Plaintiffs JOHN KARARO, SEAN WALKER, TRI MINH LA and MELVYN L. CAISON JR. as proposed class representatives, by and through their attorney, James C. Vlahakis, and Defendant OLD DOMINION FREIGHT LINE, INC., by its attorneys, Jody Kahn Mason, Jason A. Selvey, and Hannah G. Garlough of Jackson Lewis P.C. submit the following as their Joint Initial Status Report:

**I. Nature of the Case**

    **A. State the basis for federal jurisdiction.**

Plaintiff has asserted federal jurisdiction by and through the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA), as well as diversity jurisdiction. See Second Amended Complaint, ¶¶ 37-41, 12, 17-19.

Defendant has asserted that Plaintiffs have not adequately pled the amount in controversy element necessary to demonstrate subject matter jurisdiction under either stated theory. Defendant has moved to dismiss the entirety of the Complaint on this ground pursuant to Fed. R. Civ. P. 12(b)(1). (ECF #23, p. 4-5).[1] Defendant has further

---

[1] Defendant references the page numbers of its memorandum in support of its motion to dismiss herein, not the ECF page numbers in the document header.

1

asserted that the Court lacks subject matter jurisdiction over Plaintiffs' Count I because the claim is not ripe. Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on that ground as well. (*Id.*, p. 5-7).

**B. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.**

Plaintiffs have asserted violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (Act), and in particular, violations of Section 15(a) of the Act as well as, Plaintiffs assert, separate violations of Sections 15(b)(1), 15(b)(2) and 15(b)(3) of the Act.

Defendant notes that while Plaintiffs allege that Defendant violated each subsection of Section 15(b), Plaintiffs bring only one Count for alleged violations of Section 15(b) (Count II). Defendant further asserts that Plaintiffs could not recover for alleged violations of each of Section 15(b)'s subsections in any event.

Plaintiffs disagree with Defendant's position because separate violations of Sections 15(b)(1), 15(b)(2) and 15(b)(3) have been recognized. *See, e.g., Halim v. Charlotte Tilbury Beauty Inc.* 2023 U.S. Dist. LEXIS 82814, *19-21, 2023 WL 3388898 (N.D. Ill. May 11, 2023) ("In this case, the complaint pleads violations of all three subparts of § 15(b), and Plaintiff has not shown that it would be "legally impossible" to recover under all three subparts, so the Court will include all three in calculating the amount in controversy."). *See also Burlinski v. Top Golf USA, Inc.*, 2020 U.S. Dist. LEXIS 161371, 2020 WL 5253150, at *3 (N.D. Ill. Sept. 3, 2020).

**C. Describe the relief sought.**

Liquidated damages for Defendant's alleged violations of Sections 15(a), 15(b)(1), 15(b)(2) and 15(b)(3) of the Act, along with reasonable attorney's fees and costs. Plaintiffs also seek the following forms of declaratory and injunctive relief:

    a. Declaring that Defendant violated Section 15(a) of BIPA;

    b. Declaring that Defendant violated Section 15(b)(1) of BIPA;

    c. Declaring that Defendant violated Section 15(b)(2) of BIPA;

    d. Declaring that Defendant violated Section 15(b)(3) of BIPA;

    e. Requiring Defendant to publish a public policy which identifies its data retention and destruction protocols; and

    f. Requiring Defendant to destroy "biometric identifiers" or "biometric information" after "the initial purpose for collecting or obtaining such identifiers or information has been satisfied".

Defendant agrees that Plaintiffs purport to seek such relief in the Second Amended Complaint, but deny Plaintiffs' claims and deny that they are entitled to any such relief. It is Plaintiffs' position that Defendant's position is not supported by caselaw. *See, e.g., Halim v. Charlotte Tilbury Beauty Inc.* 2023 U.S. Dist. LEXIS 82814, *19-21, 2023 WL 3388898 (N.D. Ill. May 11, 2023) ("In this case, the complaint pleads violations of all three subparts of § 15(b), and Plaintiff has not shown that it would be "legally impossible" to recover under all three subparts, so the Court will include all three in calculating the amount in controversy."). *See also, Burlinski v. Top Golf USA, Inc.*, 2020 U.S. Dist. LEXIS 161371, 2020 WL 5253150, at *3 (N.D. Ill. Sept. 3, 2020).

    **D. State whether there has been a jury demand.**

Plaintiffs have demanded a jury trial.

    **E. List the names of any parties who have not yet been served.**

None.

## II. Discovery and Pending Motions

    **A. Identify any pending motions.**

Defendant moved to dismiss the Second Amended Complaint on Friday, June 16, 2022. (*See* ECF #22-23). Plaintiff shall respond to Defendant's Motion to Dismiss by July 17, 2023, and Defendant shall reply by July 31, 2023. Dkt. 21[2].

**B. Parties' proposal for discovery and a case management plan.**

**(1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery.**

As discussed further below, Plaintiff contends that discovery should begin presently, while Defendant's motion to dismiss is pending. Defendant requests that no discovery commence before its motion to dismiss is decided. Subject to the parties' differing positions regarding when discovery should commence, the parties anticipate the need for written and oral discovery, regarding the nature and extent of Defendant's biometric policies, the existence of written consent (or, as Plaintiffs allege, the lack of any consent) from Plaintiffs and putative class members.

It is also Plaintiffs' position that discovery regarding Defendant's net worth and the existence of any applicable insurance policies will also be needed. Defendant disagrees.

Defendant's position is that discovery will be needed regarding, among other things, the operation of the relevant timekeeping system and relevant policies and practices; methods by which Plaintiffs and the putative class members consented to the use of the timekeeping system at issue; Plaintiffs' and putative class members' alleged use of the timekeeping system at Defendant's facility, including with respect to whether it occurred; Plaintiffs' and the putative class's understanding of the purpose of the device used by Defendant; the damages or harm (if any) Plaintiffs suffered as a result of their alleged use of the timekeeping system at issue; and the

---

[2] Because July 30, is a Sunday, Defendant intends to reply by July 31, 2023.

4

putative class members' alleged use of the timekeeping system at issue including, but not limited to, what the putative class members understood to be the purpose of their use of the system at issue, whether each putative class member consented and what damages or harm, if any, they suffered as a result.

With respect to electronic discovery, Plaintiffs' position is that it will be needed relative to (a) the number of times each named Plaintiff and the putative class members utilized Defendant's alleged biometric time-clock system; and (b) the names and demographic information of putative class members.

Defendant disagrees because, as pled, the number of times a given individual may have used the timekeeping system is irrelevant. Moreover, the names and demographic data of the class are irrelevant unless and until class notice is required.

Defendant agrees e-discovery will be required, however, including with respect to Plaintiffs' employment and use of the timekeeping system and other matters.

The parties do not believe that discovery should be bifurcated, but Defendant desires that no discovery take place while its motion to dismiss remains pending and before the court rules on its motion to dismiss. Defendant posits that doing so is well-warranted, particularly because Defendant has argued that the Court lacks subject matter jurisdiction and its motion to dismiss would be dispositive of Plaintiffs' claims as well. (Dkt. 22-23). *See In re Clearview AI, Inc.*, No 21 C 135, 2021 U.S. Dist. LEXIS 238261, at *6-7 (N.D. Ill. Aug. 31, 2021) (noting "[s]tays are often deemed appropriate where the motion to dismiss can resolve the case — at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity," and finding a stay of discovery warranted where the defendant argued lack of standing in its motion to dismiss in a BIPA case) (citation omitted).

Plaintiffs oppose a stay of discovery where this suit was filed on April 6, 2022, and do not believe that there is any utility in staying discovery where this Court has already denied Defendant's motion to stay (Dkts. 16, 21). Plaintiff's position is as follows: Federal Rule of Civil Procedure 26(c), provides that a court may, <u>for good cause</u>, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). There is no requirement that discovery cease during the pendency of a motion to dismiss. *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). Defendant, as the party seeking a stay, bears the burden of proving that the Court should exercise its discretion in staying discovery. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961, (2009). Notably, "Defendant has not provided any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden. Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery." *Stigall v. Walgreen Co.*, 2021 U.S. Dist. LEIS 112787, 8* (N.D. Ill. June 16, 2021) (citing cases). Plaintiffs will submit a separate filing to oppose any formal motion to stay discovery where they will point out that Defendant's motion to dismiss will not dispose of this entire case.

**(2) The need for any proposed protective orders.**

The parties agree that a protective order would be necessary if the Court orders discovery to go forward.

**(3) Rule 26(a)(1) disclosures.**

It is Plaintiff's position that Rule 26(a)(1) disclosures should be made by June 29, 2023, because the original Complaint was filed on April 6, 2023, and Defendant

6

should be in a position to disclose the matters required by Rule 26(a)(1), and in particular, Defendant should be ready to disclose applicable insurance policies that may help guide settlement discussions.

It is Defendant's position that Rule 26(a)(1) disclosures should not be made unless and until the Court denies its motion to dismiss. If the Court nevertheless will require disclosures to be made while the motion is pending, Defendant suggests disclosures be made by July 13, 2023, because the date will provide Defendant with adequate time to prepare its disclosures when it has been preparing a motion to dismiss.

### (4) Date for the completion of fact discovery.

Defendant's position is that no discovery deadline should be set while its motion to dismiss is pending and, indeed, no discovery should take place. That said, Defendant agrees with Plaintiffs that, should discovery go forward, nine months to complete fact discovery is appropriate, which would on or before Friday, March 22, 2024, should discovery proceed now.

### (5) Whether there will be expert discovery.

The parties propose reporting to the court near the close of fact discovery whether they will be engaging in expert discovery – at which point in time the parties will submit an agreed expert discovery schedule of at least 90 days to complete expert discovery.

## III. Settlement and Referrals

### A. State whether any settlement discussions have occurred and describe the status of any settlement discussions.

Plaintiffs' counsel has submitted a class action settlement proposal to defense counsel. The parties are attempting to negotiate the parameters of private mediation, but have not yet reached agreement regarding the same.

**B. State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

The parties do not unanimously consent to request a settlement conference before this Court or the Magistrate Judge.

**C. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction.**

The parties do not unanimously consent to the Magistrate Judge's jurisdiction.

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
312-766-0511 (office)
312-648-6127 (direct)
jamesv@vlahakislaw.com

*Counsel for Plaintiffs and*
*the putative class members*

/s/ Jody Kahn Mason
Jody Kahn Mason
Jason A. Selvey
Hannah G. Garlough
**Jackson Lewis P.C.**
150 N. Michigan Ave. Suite 2500
Chicago, IL 60601
Direct: (312) 803-2535
Main: (312) 787-4949
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Hannah.Garlough@jacksonlewis.com

*Counsel for Defendant*