**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN KARARO, SEAN WALKER, TRI MINH LA, MELVYN L. CAISON JR., IAN TRAVIS, DIEGO DELGADO, GABRIEL CASTELLANO, and JUAN CARLOS GARCIA, individually and on behalf of all other similarly situated current and former employees, <br><br> Plaintiffs, <br><br> v. <br><br> OLD DOMINION FREIGHT LINE INC., <br><br> Defendant. | Case No. 23-cv-02187 <br><br> District Judge Jorge L. Alonso <br> Magistrate Judge Heather K. McShain |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendant Old Dominion Freight Line, Inc. ("Old Dominion"), by and through its attorneys, Jody Kahn Mason, Jason Selvey, and Hannah Griffin Garlough of Jackson Lewis P.C., hereby moves to dismiss Plaintiffs' Fourth Amended Class Action Complaint ("Complaint") (Dkt. 77), with prejudice, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As fully explained in Defendants' Memorandum in Support of Its Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint, which is being filed contemporaneously with this Motion and is incorporated by reference herein, Plaintiffs' Complaint should be dismissed for the following reasons:

***First,*** Plaintiffs' Count IV for violation of BIPA Section 15(a) must be dismissed as Plaintiffs lack standing because they do not plead an injury-in-fact where there is no allegation that Defendant has retained their alleged biometric data for longer than permitted under the statute. *Bryant v. Compass Grp. USA, Inc.,* 958 F.3d 617, 626 (7th Cir. 2020). In addition, the claims of all Plaintiffs, except for Caison, are not yet ripe because the three-year period in which Old

1

Dominion must destroy their alleged biometric data has not expired. 740 ILCS 14/15(a); *Kislov v. Am. Airlines, Inc.,* 566 F. Supp. 3d 909, 914 (N.D. Ill. 2021). Accordingly, Plaintiffs' Section 15(a) claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

*Second*, Plaintiffs plead themselves out of court as to Counts I and II where Plaintiffs' own allegations and the documents attached by Plaintiffs to their Complaint establish that Old Dominion has complied in full with the disclosure requirements of Sections 15(b)(1)-(2) of the BIPA through the Biometric Information Privacy Policy published in Old Dominion's Employee Handbook since April 2018. (Dkt. 77 at ¶¶ 49-165; Dkt. 53-1, ¶¶ 6-7) and through its online Privacy Policy (Dkt. 14, ¶ 53). Accordingly, the Court should dismiss Plaintiffs' claims under Section 15(b)(1)-(2) in Counts I and II, with prejudice, pursuant to Rule 12(b)(6).

*Third*, to the extent that the Court does not dismiss Count IV for lack of standing, Plaintiffs have failed to state a claim under Section 15(a) of the BIPA. The "Old Dominion Freight Line, Inc. Privacy Policy" posted on Old Dominion's public website, which was referenced by Plaintiffs in their Second Amended Complaint (Dkt. 14, ¶ 53) and of which the Court may take judicial notice, satisfies the requirements of Section 15(a) of the BIPA as a matter of law. Further, every version of the Old Dominion Employee Handbook in effect since April 2018 has contained a Biometric Information Privacy Policy that also provides additional information regarding Old Dominion's retention schedule and guidelines for permanently destroying biometric identifiers and biometric information, as required by Section 15(a). As such, Count IV of Plaintiffs' Complaint should be dismissed, with prejudice, pursuant to Rule 12(b)(6).

*Fourth,* Plaintiffs' claims are barred in their entirety by the doctrine of laches. Plaintiffs' Complaint reflects that, to the prejudice of Old Dominion, they waited years to bring their claims for alleged violations of BIPA even though each Plaintiff alleges he knowingly and purposely

scanned his finger on Old Dominion's time clock at least hundreds of times without objection, even after Old Dominion provided them with the written disclosures required in Section 15(b)(1)-(2) of the BIPA. Plaintiffs' unreasonable delay in asserting their claims has prejudiced Old Dominion, which is apparent on the face of the Complaint. Specifically, Plaintiffs denied Old Dominion the opportunity to address (to the extent necessary) Plaintiffs' alleged concerns in real-time while Plaintiffs continued "to keep racking up" potential damages. *See Cothron v. White Castle Sys.,* 2023 IL 128004, ¶ 60 (Overstreet, J., dissenting). Thus, Plaintiffs are barred from recovering by the doctrine of laches and the Complaint should be dismissed, with prejudice. *See Norma Argueta v. Proven Partners Group, LLP* (Case No. 2023 CH 38, Kane Cty. Oct. 25, 2023).

*Finally*, the Court should dismiss the claims of Plaintiff Melvyn L. Caison, Jr. because he failed to disclose them in bankruptcy proceedings until forced to do so after Defendant filed its motion to dismiss Plaintiffs' Second Amended Complaint. By concealing his BIPA claims from the Bankruptcy Court, Plaintiff Caison received benefits from the bankruptcy court, such as a stay of collection on his debts and a reduction in his monthly payments, and thus he is judicially estopped from pursuing his claims now. *Williams v. Hainje*, 375 Fed. Appx. 625 (7th Cir. 2010).

**WHEREFORE**, for the foregoing reasons and those set forth in Old Dominion's accompanying memorandum of law, Old Dominion respectfully requests that the Court dismiss with prejudice Plaintiffs' Fourth Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and grant Old Dominion any additional relief deemed just and appropriate.

Dated: December 22, 2023

Respectfully submitted,

**OLD DOMINION FREIGHT LINE, INC.**

By: /s/ *Jody Kahn Mason*
   One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Hannah Griffin Garlough
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Hannah.Garlough@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Kahn Mason, an attorney, certify that on December 22, 2023, I caused a true and correct copy of the attached ***Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint*** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's system.

/s/ *Jody Kahn Mason*