# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, et al. individually, and on behalf of all other Illinois citizens similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 23-cv-02187 ) |
| v. | ) ) District Judge Jorge L. Alonso |
| OLD DOMINION FREIGHT LINE INC., | ) Magistrate Judge Heather K. McShain ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Plaintiffs John Kararo, Sean Walker, Tri Minh La, Ian Travis, Melvyn L. Caison Jr., Gabriel Castellano, Diego Delgado, and Juan Carlos Garcia ("Plaintiffs") and Defendant Old Dominion Freight Line, Inc. ("Defendant"), by their undersigned counsel, submit this Status Report pursuant to this Court's January 8, 2024, Order, (Dkt. 103):

**Background and Status of the Pleadings**

1. This case, filed on April 6, 2023, is a putative class action alleging violations of Sections 15(a) and 15(b) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. (Dkt. 1.) Plaintiffs filed their Fourth Amended Complaint on November 14, 2023. (Dkt. 77.)

2. Defendant filed its Motion to Dismiss Plaintiffs' Fourth Amended Complaint on December 22, 2023. (Dkt. 96-97.) Plaintiffs' response is due on February 8, 2024, and Defendant's Reply is due on February 22, 2024. (Dkt. 115.)

3. On June 22, 2023, the District Court issued a scheduling order setting a March 22, 2024, deadline for the completion of fact discovery. (Dkt. 28.) The Order also referred the case to Magistrate Judge Heather K. McShain for the supervision of discovery, with the authority to set and extend deadlines and set a settlement conference should the parties request the same. (*Id.*)

**Status of Plaintiffs' Discovery Responses and Document Production**

4. Defendant served Interrogatories and Requests for Production on Plaintiffs Kararo, Caison, La, and Walker on July 18, 2023, and to Travis on November 15, 2023, following his addition to the case. Following their addition to the case, Defendant also served written discovery requests to Plaintiffs Castellano, Garcia, and Delgado on December 8, 2023.

5. After Plaintiffs Kararo, Caison, La, Walker and Travis served their responses to Defendant's discovery requests, Defendant sent a discovery deficiency letter to Plaintiffs on October 14, 2023, and counsel for the parties met and conferred on those issues. Thereafter, Kararo, Caison, La, and Walker supplemented certain discovery responses in December 2023.

6. Plaintiffs Castellano, Garcia, and Delgado have not yet served their responses to Defendant's discovery requests but expect to do so by Thursday, February 8, 2024.

7. The parties met and conferred on January 19, 2024, to discuss what Defendant asserts are outstanding deficiencies in the discovery responses of Plaintiffs Kararo, Caison, La, Walker and Travis. These Plaintiffs have agreed to supplement their discovery responses and document production with regard to certain alleged deficiencies by February 16, 2024. The parties are at issue with regards to other objections on which these Plaintiffs are standing on, and Defendant expects to file a Motion to Compel this discovery in the near term.[1]

8. During the January 19, 2024, meet and confer, the parties discussed the preliminary searching of Plaintiffs' ESI that has been conducted to date. Counsel for the parties discussed negotiating additional search terms and an agreed protocol for the search of Plaintiffs' ESI.

---

[1] So as to avoid the potential need for successive motions to compel, should the Court prefer, Defendant is willing to wait until Plaintiffs serve their supplemental written discovery responses (and the newly added Plaintiffs serve their initial responses to Defendant's written discovery requests) to address any remaining deficiencies it asserts with respect to the same in a single motion.

**Status of Defendant's Discovery Responses and Document Production**

9. Plaintiffs served their First Set of Interrogatories, Requests for Production, and Requests to Admit to Defendant on June 22, 2023. Defendant served their responses to Plaintiffs' First Set of Discovery on July 24, 2023. Defendant served its Amended Answers and Objections to Plaintiffs' First Set of Interrogatories on July 27, 2023. On November 22, 2023, Defendant served its Second Amended Answers and Objections to Plaintiffs' First Set of Interrogatories.

10. Plaintiffs served their Second Set of Interrogatories, Requests for Production, and Requests to Admit on September 21, 2023. Defendant served its Objections and Answers to Plaintiffs' Second Set of Interrogatories on November 22, 2023. Defendant served its Amended Answers and Objections to Plaintiffs' Second Set of Interrogatories on January 22, 2023.

11. On November 10, 2023, Defendant filed a Motion for Protective Order striking Plaintiffs' Second Set of Requests for Admission and Requests for Production. (Dkt 73.) On December 2, 2023, Plaintiffs filed their Response to the Motion. (Dkt. 82). Defendant's Motion for Protective Order is fully briefed.

12. The parties finalized an agreed ESI search protocol in December 2023. Defendant agreed to search the ESI of 15 custodians. That data has been collected, processed, and Defendant has begun its review of same. The search terms agreed to by the parties returned over 17,000 ESI files for review, which is currently underway. Plaintiff asked Defendant to identify when it "anticipates completing its review of certain 'hits' and producing responsive documents by a date certain." Defendant's position is that given the need for further discussions to narrow the review set, it cannot agree to a date certain at this time.

13. Defendant, however, anticipates the need for additional discussions to narrow certain search terms that have produced a large number of potentially irrelevant "hits" to reduce

3

the number of files for review and allow a faster and more efficient (and less costly) review and production proportional to the needs of the case. Plaintiffs will respond to any concerns that are raised by Defendant as to any search terms which may have resulted in *potentially* irrelevant "hits".

14. Plaintiffs have filed three motions to compel discovery from Defendant that remain pending. Plaintiffs' Motion to Compel filed on November 10, 2023 (Dkt. 74), has been fully briefed and the Court has taken it under advisement. (Dkt. 95). Plaintiffs also filed a Motion to Compel production of two memoranda which Defendant contends are privileged, (Dkt. 101,111), and a Motion to Compel Defendant to supplement its answer to Interrogatory No. 20 (Dkt. 105). Defendant is due to respond to both motions on February 9, 2023. (Dkt. 109, 116.)

15. These motions implicate big picture issues, such as the proper scope of class discovery during this pre-certification phase of litigation. Accordingly, a ruling on these motions will be instructive for the parties as they complete discovery.

16. At the request of the Plaintiffs' counsel, the parties have scheduled a L.R. 37.2 conference for Friday, February 9, 2024 to discuss the following discovery issues Plaintiffs contend are unresolved: Plaintiff has also asked Defendant to discuss a fair ordering of depositions and whether Defendant will agree to more than 10 depositions; whether Defendant has made progress in extracting certain documents stored on Workday, Inc., a third-party platform; whether Defendant has produced all of the named Plaintiffs' records that are housed within Workday; whether Defendant is going to produce certain metadata related to previously produced documents; and whether Defendant will be logging additional privileged document. Defendant does not believe these topics are ripe for the Court's consideration. (*See* 11.27.23 Order, at Dkt. 80.)

17. Plaintiffs served their Third Set of Interrogatories and Requests for Production on December 8, 2023. Defendant intends to respond by Thursday, February 8, 2024.

18. Plaintiffs served their Fourth Set of Interrogatories and Requests for Production on January 12, 2024. Defendant's responses to these discovery requests are due by February 12, 2024.

**Oral Discovery**

19. Defendant served responses and objections to Plaintiffs' 30(b)(6) Deposition Notice on January 29, 2024. The parties will meet and confer regarding same.

20. It is Defendant's position that production of ESI by both sides should be substantially complete before depositions of fact witnesses commence. It is Plaintiffs' position that certain depositions can take place before the completion of ESI discovery.

21. Defendant intends to depose all eight named Plaintiffs. Plaintiffs have identified 24 individuals they would like to depose, a majority of these persons are listed in Defendant's Rule 26 disclosures. Per Plaintiffs: As to 15 of the 24 proposed deponents, Plaintiffs have proposed to conduct short (likely two-hour) depositions. Plaintiffs have also proposed to conduct certain of these depositions by written questions. The parties anticipate the need for further discussions about the number, order, and schedule of depositions to take place in this matter. It is Plaintiffs' position that Defendant has refused to take or reschedule any depositions where it took months to produce a privilege log. *See, e.g.*, Dkt. 41, 101. Defendant, however, believes that these topics are not ripe for the Court's consideration at this time. (*See* 11.27.23 Order, at Dkt. 80.) The parties have agreed to discuss these issues further, including in a Rule 37 conference scheduled for February 9, 2024.

**Status of Settlement Discussions**

22. Plaintiffs have made settlement proposals since the parties' last status report. Defendant has not made a formal counter, but has proposed that the parties participate in mediation or a settlement conference without precondition, subject to a stay of discovery pending the same. Plaintiffs contend that additional discovery is necessary before agreeing to mediate.

**Request to Extend Fact Discovery Deadline**

23. The parties have made progress in discovery over the past six months. Nonetheless, both parties require additional time to complete fact discovery, including the production of ESI and the depositions of fact witnesses. Moreover, the parties are at issue on several discovery disputes, some of which are the subject of fully briefed motions and ready for a decision by this Court and others which the parties are in the process of briefing or plan to file in the near term.

24. For all these reasons, the parties agree that there is good cause to extend the fact discovery deadline to June 22, 2024, and jointly request the same.

| | |
|---|---|
| Dated: February 4, 2024 | Respectfully submitted, |
| **JOHN KARARO, SEAN WALKER, MELVYN L. CAISON, TRI MINH LA, IAN TRAVIS, DIEGO DELGADO, GABRIEL CASTELLANO, JUAN CARLOS GARCIA** | **OLD DOMINION FREIGHT LINE, INC.** |
| By: /s/ *James C. Vlahakis* | By: /s/ *Jody Kahn Mason* |
| James C. Vlahakis | One of Its Attorneys |
| VLAHAKIS LAW GROUP LLC | |
| 20 N. Clark Street, Suite 3300 | Jody Kahn Mason |
| Chicago IL 60602 | Jason A. Selvey |
| | Hannah Griffin Garlough |
| 312-766-0511 (office) | Jackson Lewis P.C. |
| 312-648-6127 (direct) | 150 North Michigan Avenue |
| | Suite 2500 |
| | Chicago, IL 60601 |
| | Phone: (312) 787-4949 |
| | Facsimile (312) 787-4995 |
| | Jody.Mason@jacksonlewis.com |
| | Jason.Selvey@jacksonlewis.com |
| | Hannah.Garlough@jacksonlewis.com |

4867-7440-4002, v. 1