IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, SEAN WALKER, TRI MINH LA, MELVYN L. CAISON JR., IAN DIEGO DELGADO, GABRIEL CASTELLANO, and JUAN CARLOS GARCIA, individually and on behalf of all other similarly situated current and former employees, <br><br> Plaintiffs, <br> v. <br><br> OLD DOMINION FREIGHT LINE INC. <br><br> Defendant. | Case No. 23 C 2187 <br><br> Judge Jorge L. Alonso |

**ORDER**

Defendant Old Dominion Freight Line, Inc.'s motion to dismiss [96] is granted in part and denied in part. It is granted as to plaintiffs Kararo and Travis's section 15(a) claims, which are dismissed without prejudice for lack of standing. It is otherwise denied.

**STATEMENT**

The above-captioned plaintiffs bring this putative class-action suit against defendant, Old Dominion Freight Line, Inc., claiming that defendant violated their rights under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). The named plaintiffs all work or used to work for defendant, a Virginia trucking company with its principal place of business in North Carolina, at certain of its Illinois facilities. Plaintiffs allege that defendant required them to use time-clock devices provided by Kronos, Inc., to punch in for work by scanning their fingerprints. Plaintiffs assert that defendant violated BIPA by collecting, obtaining, and/or storing biometric information, without obtaining informed consent or a written release, and by failing to make public and comply with a written schedule for retention and destruction of biometric

information. *See* 740 ILCS 14/15(a), (b). Defendant now moves to dismiss plaintiffs' Fourth Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6).

## I. Applicable Law and Legal Standards

"Rule 12(b)(1) is the means by which a defendant raises a defense that the court lacks subject-matter jurisdiction," such as a challenge to the plaintiff's standing. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). "Standing" refers to the "'personal stake in the outcome'" of the case that all plaintiffs must have in order to invoke the "judicial power" wielded by the federal courts. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (quoting *Baker v. Carr*, 390 U.S. 186, 204 (1962)). Where a defendant seeks dismissal under Rule 12(b)(1) for failure to set forth allegations sufficient to establish standing on the face of the complaint, courts must "accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)).

A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555; that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020); *see also Silha*, 807 F.3d at 174 (noting that courts apply the same standard to facial challenges to standing). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

BIPA imposes certain restrictions on how "private entit[ies]" may collect, retain, use, disclose, and destroy "biometric identifiers" and "biometric information." *See* 740 ILCS 14/15. "Biometric identifier" generally means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," apart from various enumerated exclusions. 740 ILCS 14/10. "Biometric information" refers to "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual," with certain exceptions not relevant here. *Id.*

BIPA mandates that, before collecting or obtaining a biometric identifier or information from an individual, a private entity must inform the individual in writing of the fact that "a biometric identifier or biometric information is being collected," 740 ILCS 14/15(b)(1), and of the "specific purpose and length of term for which a biometric identifier" is being collected, 740 ILCS 14/15(b)(2), as well as obtain a signed "written release" from the individual, 740 ILCS 14/15(b)(3). Additionally, a private entity in possession of biometric information must make publicly available a "retention schedule and guidelines" for permanently destroying biometric identifiers and information that it has collected "when the initial purpose for collecting or obtaining such

3

identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Unless otherwise required by a warrant or subpoena, the entity "must comply with its established retention schedule and destruction guidelines." *Id.*

## II. Analysis

Plaintiffs' Fourth Amended Complaint contains four counts: Count I, for failing to inform employees of the collection of their biometric identifiers or information, 740 ILCS 14/15(b)(1); Count II, for failing to inform employees of the "purpose and length of term" of the collection, storage and use of their biometric identifiers or information, 740 ILCS 14/15(b)(2); Count III, for failing to obtain employees' informed consent to the collection and storage of their biometric identifiers or information, 740 ILCS 14/15(b)(3); and Count IV, for failing to make publicly available a written biometric retention and destruction schedule, 740 ILCS 14/15(a).

Defendant moves to dismiss on grounds of standing, failure to state a claim, and two affirmative defenses. In particular, defendant argues that plaintiff lacks standing to assert the section 15(a) claim; plaintiff fails to state a claim in Counts I and II under section 15(b) and Count IV under section 15(a); and plaintiffs' claims are barred by the doctrine of laches and, as to plaintiff Caison, the doctrine of judicial estoppel.

### A. Section 15(a) and Standing

"To establish standing, a plaintiff must show that he has suffered or is at imminent risk of suffering an injury caused by the defendant and that the injury could likely be redressed by favorable judicial relief." *Patterson v. Howe*, 96 F.4th 992, 996 (7th Cir. 2024) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). An injury only confers standing to sue if it is an "injury in fact," which means it must be "concrete, particularized, and actual or imminent." *Id.* Defendant

4

argues that plaintiff's section 15(a) claim must be dismissed for lack of standing because the pertinent allegations do not describe an injury-in-fact.

A plaintiff who alleges a mere failure to disclose policies for retention and destruction of biometric data does not have standing to assert a BIPA claim in federal court because the duty to disclose is "owed to the public generally, not to particular persons," and the plaintiff has not suffered a "concrete and particularized injury" as a result of the violation of that duty. *Bryant v. Compass Group USA*, 958 F.3d 617, 626 (7th Cir. 2020). He does have standing, however, if he alleges not only the failure to disclose policies governing the retention and destruction of biometric data, but also the failure to "*comply with*" such policies, resulting in the wrongful retention of such data after the purpose for collecting the data has already been satisfied. *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1149 (7th Cir. 2020); *see Schwartz v. Supply Network, Inc.*, No. 23 C 14319, 2024 WL 1932919, at *5 (N.D. Ill. May 1, 2024); *Sloat v. Camfil USA, Inc.*, No. 23 CV 5125, 2024 WL 1556268, at *3 (N.D. Ill. Apr. 10, 2024).

Plaintiffs' complaint dwells at length on the content of defendant's various employee handbooks and the policies contained therein, while devoting comparatively little attention to any allegations of defendant's failure to comply with those policies. Plaintiffs' response brief, however, makes clear that they do intend to claim that defendant wrongfully retained biometric data for longer than permitted under the circumstances. *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 n.2 (7th Cir. 2021) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)) ("In 'opposing a Rule 12(b)(6) motion,' [plaintiffs are] free to 'elaborate on [their] factual allegations so long as the new elaborations are consistent with the pleadings.'"). In fact, plaintiffs argue, defendant has all but admitted failure to comply with its own policies by arguing that it has no duty to destroy employees' biometric data until three years after their

5

employment ends—but defendant has produced written policy documents that require destruction of employees' biometric data within as little as 24 hours after they are terminated (or, under some versions of policy documents that defendant produced, within a year, at most). (Pls.' Resp. Br. at 12, ECF No. 132 (citing Decl. of Deedee Cox, Group Ex. 2, ECF No. 53-1 at 7-14).) Except for John Kararo and Ian Travis, who allegedly still work for defendant, each of the named plaintiffs ended his employment by April 2023 at the latest. Whether the three-year threshold matters in the circumstances of this case is a separate issue that the Court need not address here; what matters is that plaintiffs' response brief demonstrates that they have a non-speculative basis for claiming that defendant wrongfully retained employees' biometric data beyond the point at which the purpose for retention of the data was satisfied, even under defendant's own policies, in violation of BIPA section 15(a). *See Schwartz*, 2024 WL 1932919, at *5; *Sloat*, 2024 WL 1556268, at *3. This suffices to confer standing to assert a section 15(a) claim on all plaintiffs who have already separated from defendant's employment. Plaintiffs do not describe any theory under which the purpose for retaining the biometric data of John Kararo and Ian Travis, who are still employed by defendant, has been satisfied. The motion to dismiss the section 15(a) claim for lack of standing is therefore granted as to plaintiffs Kararo and Travis, but otherwise denied.

### B. Failure to State a Claim

Defendant argues that plaintiffs' claims in Counts I and II must be dismissed for failure to state a claim because, as a matter of law, a reasonable factfinder could only conclude that defendant's employee handbooks adequately informed plaintiffs of the collection and storage of their biometric data and the purpose and length of term of storage of the same. Similarly, defendant argues that plaintiffs' section 15(a) claim in Count IV fails to state a claim because a reasonable factfinder could only conclude, as a matter of law, that defendant's privacy policy met the

requirements of section 15(a). Plaintiffs respond that the mere existence of the employee handbooks does not establish as a matter of law that plaintiffs were informed about their employer's collection and storage of their biometric data, nor does the privacy policy, as evidenced only by exhibits attached to pleading-stage documents, establish as a matter of law that the policy was actually in place at the relevant times and whether it actually governed defendant's retention and destruction of the biometric data of employees such as plaintiffs.

There are numerous reasons why defendant's motion must be denied as to failure to state a claim. Perhaps most fundamentally, defendant's motion is effectively an invitation to "'drift[] beyond reviewing the legal sufficiency of [plaintiffs'] allegations into a fact-finding role.'" *See Siva v. Am. Board of Radiology*, 38 F.4th 569, 577 (7th Cir. 2022) (quoting *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022). Of course, the Court must resist any such invitation, even when, as here, plaintiffs respond by addressing the defendant's arguments on the merits, rather than limiting themselves to pointing out that these arguments are out of place at this early stage. "[J]udges must not make findings of fact at the pleading stage (or for that matter the summary-judgment stage). A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12." *Richards*, 696 F.3d at 638.

Relatedly, Rule 12(b)(6) does not authorize "piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015); *see Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018). At the summary judgment stage, parties can attempt to narrow the issues in dispute by seeking a ruling on "part of [a] claim or defense," *see* Fed. R. Civ. P. 56(a), but Rule 12 does not offer the same

flexibility at the pleading stage. Defendant moves to dismiss plaintiffs' claims under section 15(b)(1) and 15(b)(2) in Counts I and II, but here defendant is "conflat[ing] legal claims with counts." *Doe by & through Doe v. Apple Inc.*, No. 3:20-CV-421-NJR, 2022 WL 17538446, at *3 (S.D. Ill. Aug. 1, 2022). "A claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (internal quotation marks omitted). "One claim supported by multiple theories does not somehow become multiple claims." *Id.* In simplified form, section 15(b) requires collectors of biometric data to (1) inform subjects of the collection of the data, (2) inform subjects of the purpose and length of term of the storage of the data, **and** (3) receive the subject's written consent. As is common, plaintiff breaks his 15(b) claim down into multiple theories, but there is only one claim, *see Sojka*, 686 F.3d at 399, and if defendant seeks dismissal on the ground that no reasonable factfinder could possibly find in plaintiffs' favor, then it must show that plaintiffs cannot prevail on any of their three 15(b) theories. By failing to incorporate section 15(b)(3), defendant dooms its argument for dismissal of Counts I and II for failure to state a claim. *See Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 783 (N.D. Ill. 2020) (suggesting that, even if defendant was correct that it did not violate one of the 15(b) prongs as a matter of law, it made no difference for purposes of defendant's motion to dismiss because it "still (allegedly) violated" the other prongs). Similarly, on the section 15(a) claim, defendant argues for dismissal based on the disclosure element of that subsection, but does not address the compliance element, as described above. This is not a proper path to dismissal under Rule 12.

Even setting these issues aside, it is notable that neither side cites case law directly supporting its position as to these claims, which tends to strengthen the Court's conviction that ruling as a matter of law is inappropriate at this early stage. If—as it would appear, judging by the

dearth of authority cited in the parties' briefs—there is little precedent to rely on in support of a ruling as a matter of law, then "plaintiffs should be given 'an opportunity to develop evidence before the merits are resolved.'" *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015) (quoting *Metts v. Murphy,* 363 F.3d 8, 11 (1st Cir. 2004)); *see also Cohesive Techs. v. Waters Corp.*, 130 F. Supp. 2d 157, 160 (D. Mass. 2001) (similar reasoning at summary judgment stage). This is particularly true where, as here, the merits are governed by state law. The Seventh Circuit has warned that federal courts must "proceed with caution in making pronouncements about state law, especially given that such pronouncements inherently involve a significant intrusion on the prerogative of the state courts." *REXA, Inc. v. Chester*, 42 F.4th 652, 668 (7th Cir. 2022) (internal quotation marks omitted). The Court is not inclined to make a dispositive ruling based only on the documentation defendant relies on, without giving plaintiffs an opportunity to provide context for that documentation or develop additional evidence in discovery. "The defendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint," and they must make a "clear showing" to carry their burden of persuasion. *Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990); *see Access Servs. of N. Illinois v. Capitol Administrators, Inc.*, No. 3:19-CV-50050, 2021 WL 780483, at *1 (N.D. Ill. Mar. 1, 2021). Defendant has not made any such "clear showing" at this point; to the contrary, plaintiffs have made factual allegations that, if true, might entitle them to judgment in their favor, and they are entitled to attempt to produce evidence to support their position in discovery.

Defendant's motion to dismiss for failure to state a claim prematurely raises merits issues, tacitly asks the Court to make factual findings, and improperly seeks dismissal of "parts" of claims at the pleading stage. For all these reasons, the motion is denied.

### C. Affirmative Defenses

9

Defendant argues that plaintiffs' claims are barred by the doctrine of laches and, as to plaintiff Caison, the doctrine of judicial estoppel. According to defendant, laches applies because plaintiffs unreasonably delayed bringing their BIPA claims years after they must have known of defendant's BIPA policy and related procedures, which were described in defendant's employee handbook. And as to plaintiff Caison, defendant argues that judicial estoppel bars his claims because he did not disclose them in his Chapter 13 bankruptcy case. These arguments are premature at this stage.

Laches and judicial estoppel are affirmative defenses. *See Schwartz*, 2024 WL 1932919, at *3-4; *Lockett v. DeJoy*, 657 B.R. 229, 233 (N.D. Ill. 2024). The Court often denies Rule 12(b)(6) motions to dismiss based on affirmative defenses because plaintiffs are not required to plead around them; dismissal is only appropriate at the pleading stage if the plaintiff "alleges, and thus admits, the elements of the affirmative defense." *Ibarra v. Prospera, LLC*, No. 20 C 7015, 2021 WL 1921015, at *2 (N.D. Ill. May 12, 2021) (citing *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014)); *cf. Lockett*, 657 B.R. at 233 (considering issue of judicial estoppel at pleading stage because the requisite facts were "definitively ascertainable from the allegations of the complaint" and they "conclusively establish[ed] the defense") (internal quotation marks omitted).

In their response brief, plaintiffs argue that there was no unreasonable delay in filing this suit because, contrary to defendant's representations, they deny knowing of defendant's BIPA policy and procedures until at least the spring of 2023, which is when plaintiff Kararo initiated this lawsuit. As for plaintiff Caison, he argues that he failed to disclose his BIPA claim when he filed his Chapter 13 bankruptcy case in 2018, several years ago, because he did not know of it until he learned of this lawsuit, and he amended his bankruptcy filings to disclose the lawsuit to the

bankruptcy court. Further, plaintiffs point out that Mr. Caison's Chapter 13 repayment plan required him to repay 100% of his debts in full, so creditors lost nothing.

The viability of these affirmative defenses may turn on what plaintiffs knew and when they knew it, and arguments about certain parties' subjective knowledge are typically inappropriate at the pleading stage, when the court may not yet "make any findings of fact as to what the parties did or did not believe." *Richardson v. DSW, Inc.*, No. 05 C 4599, 2005 WL 2978755, at *2 (N.D. Ill. Nov. 3, 2005) (rejecting argument about parties' knowledge at pleading stage); *see Richards*, 696 F.3d at 638 ("[J]udges must not make findings of fact at the pleading stage."). These issues are better left for later stages of proceedings, after the parties have had the opportunity to develop evidence in discovery. *See Schwartz*, 2024 WL 1932919, at *3-4 (denying motion to dismiss based on both laches and judicial estoppel because the defenses were not conclusively established by the plaintiffs' allegations); *Sloat*, 2024 WL 1556268, at *5 (denying motion to dismiss based on laches because "unreasonable delay is not apparent on the face of the complaint"), *Hayes v. CGB Enterprises, Inc.*, No. 23-CV-3296, 2024 WL 3091083, at *9 (C.D. Ill. June 20, 2024) (same); *In re Buscone*, 61 F.4th 10, 25 (1st Cir. 2023) ("[T]he reality [is] that factual circumstances drive the estoppel analysis, and . . . declining to apply judicial estoppel might be reasonable in those instances where further factual development will better inform the ultimate decision, and where it is not immediately clear that estoppel would advance the doctrine's primary purpose of safeguarding the integrity of the courts.").

For the foregoing reasons, the Court denies defendant's motion to dismiss, except as to the section 15(a) claims of plaintiffs Travis and Kararo, which are dismissed without prejudice for lack of standing.

11

SO ORDERED.                                             ENTERED: July 19, 2024

_____
**HON. JORGE ALONSO**
**United States District Judge**