**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN KARARO, et al., individually and on behalf of all similarly situated current and former employees, | ) ) ) | |
| | ) | Case No. 23-cv-02187 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | District Judge Jorge L. Alonso |
| | ) | Magistrate Judge Heather K. McShain |
| OLD DOMINION FREIGHT LINE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S JULY 23, 2024 ORDER**

Defendant Old Dominion Freight Line, Inc. ("Defendant"), by and through its undersigned attorneys, Jody Kahn Mason, Jason A. Selvey and Hannah Griffin Garlough of Jackson Lewis P.C., pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636 (b)(1)(A), respectfully objects to Magistrate Judge Heather K. McShain's Order dated July 23, 2024, which ordered Defendant to produce two memoranda prepared by Defendant's in-house counsel that Defendant previously withheld from production on the grounds of the attorney work product protection. (Dkt. 187.) Defendant respectfully requests that the District Court vacate the Order on the grounds that Judge McShain's determination that counsel's memoranda are not protected from disclosure as attorney work-product pursuant to Fed. R. Civ. P. 26(b)(3) is clearly erroneous and contrary to the law. In support of its Objection, Defendant incorporates by reference the arguments it made in its Response to Plaintiff's Combined Motion to Compel the Production of Defendant's March 31, 2023 Memoranda and *In Camera* Inspection (Dkt. 164), and states as follows:

1

**BACKGROUND**

1.　　The two memoranda at issue were prepared by Defendant's Assistant General Counsel, Peter Murphy, on March 31, 2023 (the "Memoranda"). The instant litigation was filed six days later, on April 6, 2023. As set forth in Defendant's privilege log, the Memoranda contain Mr. Murphy's legal advice regarding the implementation of updated versions of Old Dominion's Biometric Data Privacy Policy and Consent to Collect and Use Biometric Data, as well as the distribution of claim release agreements from employees in April 2023. (Dkt. 164-2.)

2.　　On April 12, 2024, Plaintiffs filed their Combined Motion to Compel the Production of Defendant's March 31, 2023, Memoranda and *In Camera* Inspection. (Dkt. 155.) Defendant filed its Response in Opposition to Plaintiffs' Motion, with leave, on May 10, 2024, arguing that that the Memoranda were properly withheld as attorney work product because they contained Mr. Murphy's legal advice and were prepared in anticipation of litigation. (Dkt. 164.) Thereafter, Defendant submitted the Memoranda to Judge McShain *ex parte* and under seal for *in camera* inspection, pursuant to Judge McShain's Order.[1] (Dkt. 184, 185.)

3.　　On July 23, 2024, the parties appeared before Judge McShain for hearing on Plaintiffs' Motion to Compel, at which time the Court granted Plaintiffs' Motion to Compel and ordered Defendant to produce both Memoranda. However, Judge McShain left open the possibility that Defendant would file objections to her Order.[2] The Minute Entry dated July 23, 2024, states

---

[1] Should this Court wish to review the Memoranda, Defendant can similarly provide them to the Court *ex parte* and for *in camera* review.

[2] Notwithstanding that Judge McShain contemplated that Defendant may file objections to her ruling, likely due to the subject matter and the sensitivity of issues involving privilege, Plaintiffs' counsel has threatened Defendant that Plaintiffs will seek fees if Defendant files objections to the Magistrate Judge's ruling. Plaintiffs made such a threat notwithstanding that Magistrate Judge McShain previously denied Plaintiffs' request for fees, finding this to be a legitimate dispute that was not brought for purposes of delay. Plaintiffs' threat is nothing more than an effort to have a chilling effect on Defendant and should not be condoned.

that Plaintiffs' Motion to Compel is granted "for the reasons stated on the record." (Dkt. 187.)[3] At

the hearing, Judge McShain held that Defendant did not meet its burden to show an articulable

claim likely to lead to litigation as opposed to showing that future litigation was possible. Judge

McShain further held that the implementation of a biometric policy and the obtaining of employee

consent were actions taken in the ordinary course of business, and that because she did not find

that there was a substantial and significant threat of litigation, the Memoranda were not entitled to

work product protection. Defendant respectfully objects to these findings as clearly erroneous and

contrary to law.

## LEGAL STANDARD

4.       Pursuant to Fed. R. Civ. P. 72(a), a District Court Judge must consider timely

objections to a Magistrate Judge's Orders on non-dispositive issues and modify or set aside any

part of the order that is clearly erroneous or is contrary to law. Likewise, 28 U.S.C. 636(b)(1)(A)

provides that a District Court Judge may reconsider any pretrial matter, which was designated to

be heard by a Magistrate Judge where it has been shown that the Magistrate Judge's Order is

clearly erroneous or contrary to law. The District Court reviews the Magistrate Judge's conclusions

of law for a non-dispositive matter under the *de novo* standard. *Peerless Indus. v. Crimson AV

LLC*, 2013 U.S. Dist. LEXIS 162148, at *7 (N.D. Ill. Nov. 14, 2013) (citing *Mayer v. Small*, 1989

U.S. Dist. LEXIS 12110, *2 (N.D. Ill. Oct. 2, 1989). The District Court is not only able, but

encouraged, to consider all the available information about the case in reviewing the Magistrate

Judge's decision. *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

---

[3] Defendant has ordered, but has not yet received, the transcript of the July 23, 2024 hearing. As Defendant is required to submit this Objection within 14 days of Judge McShain's ruling, Defendant cannot wait to file but can provide the transcript to the Court upon receipt.

## ARGUMENT

5.      It is well-established that litigation need not be imminent (although – here, it was – as the instant litigation was filed just six days after the Memoranda were prepared) for the work product protection to attach to a document. Rather, "the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1018-19 (7th Cir. 1983).  Judge McShain does not appear to have considered the prevalence of BIPA litigation in Illinois and the imminent threat of BIPA litigation at the time Defendant's in-house counsel prepared the Memoranda, which Mr. Murphy attested was part of the reason he anticipated BIPA litigation.  (*See* Dkt. 164-3, ¶ 5.) At the time that Mr. Murphy prepared the Memoranda, which contained his legal advice, the Illinois Supreme Court had recently issued two important rulings: one, *Tims v. Black Horse Carriers*, regarding the applicable statute of limitations for claims under the BIPA; another, *Cothron v. White Castle Systems, Inc.*, relating to claim accrual under Sections 15(b) and 15(d) of the BIPA. As a result, within a matter of weeks following these decisions, the Plaintiffs' bar filed dozens of new BIPA claims against companies who used purported biometric systems. In fact, in an article published by Bloomberg Law on May 2, 2023, it was reported that in the two months following the *Cothron* decision, there was a 65% increase in lawsuits filed in Illinois circuit courts alleging violations of the BIPA.[4] The Court can and should take judicial notice of this context in determining whether Mr. Murphy reasonably anticipated litigation and prepared the Memoranda because of that anticipation, as he attested.

---

[4] *See* https://news.bloomberglaw.com/privacy-and-data-security/illinois-biometric-privacy-cases-jump-65-after-seminal-ruling (last accessed Aug. 6, 2024).

6.      Moreover, while Judge McShain correctly stated that the fact that litigation does ultimately arise is not *dispositive* of whether litigation was anticipated in determining whether a document is attorney work product, the fact that this lawsuit was filed just six days after in-house counsel prepared the Memoranda, which included Mr. Murphy's legal advice regarding the collection of BIPA claim release agreements, *does* support Mr. Murphy's statement that he prepared the Memoranda because he anticipated litigation and further shows that his belief was reasonable and well-founded.  *See Binks., 709 F.2d at 1119* (noting that the work product doctrine applies if "the primary motivating purpose behind the creation of a document…[is] to aid in possible future litigation," and noting that "litigation need not be imminent" for the doctrine to apply). Respectfully, Judge McShain's failure to consider this fact attested to by Mr. Murphy as evidence supporting Defendant's claim of work product is clearly erroneous.

7.      Judge McShain's statements on the record further suggest that she determined that Defendant's in-house counsel prepared the Memoranda in the ordinary course of business rather than in anticipation of litigation because of the subject matter of the Memoranda. Specifically, she noted that the Memoranda addressed issues relating to the implementation of a new version of Defendant's biometric policy and biometric consent form. However, it appears that Judge McShain did not take into account that the Memoranda also contained Mr. Murphy's legal advice regarding the collection of claim release agreements from employees, which Mr. Murphy stated was "intended to aid in possible future litigation by mitigating any potential exposure (in any) in connection with the same." (Dkt. 164-3, ¶ 5.)  This is particularly true where Mr. Murphy attested that Defendant would not have implemented the claim release agreements and would not have prepared the Memoranda if the imminent risk of litigation was not apparent. (*Id.* at ¶ 6.) That the Memoranda involved legal advice regarding the release of claims inherently provides sufficient

5

evidence that they were created in anticipation of litigation, as a release of claims itself anticipates litigation.

8.      Judge McShain also did not credit Mr. Murphy's statements that Old Dominion's implementation the claim releases demonstrates that he perceived an imminent risk of BIPA litigation. (*Id.*) Clearly, there was an objectively reasonable risk of litigation if Old Dominion was entering into claim release agreement, particularly where the claim release agreements that were the subject of the Memoranda advised employees that they may consult with an attorney in conjunction with their consideration of the same. (*Id.*) Judge McShain's conclusion that this fact did not support Defendant's claim that the Memoranda were subject to protection as work product is also clearly erroneous.

9.      Defendant files this Objection given the importance of preserving counsel's mental impressions and legal advice regarding issues pertaining to the subject of this litigation, particularly given that once the Memoranda are disclosed, they cannot be undisclosed.

## CONCLUSION

10.      For the foregoing reasons, Defendant respectfully objects to Magistrate Judge McShain's July 23, 2024 Order and asks the Court to vacate or reserve that Order. Defendant further requests any additional relief the Court deems just and appropriate.

Dated: August 6, 2024                                Respectfully submitted,

                                                     **OLD DOMINION FREIGHT LINE,
                                                     INC.**

                                        By:    /s/ *Jody Kahn Mason*
                                                    One of Its Attorneys

                                               Jody Kahn Mason
                                               Jason A. Selvey
                                               Hannah Griffin Garlough
                                               Jackson Lewis P.C.

150 North Michigan Avenue, Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Hannah.Garlough@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Kahn Mason an attorney, certify that on August 6, 2024, I caused a true and correct copy of the attached ***Defendant's Objection to Magistrate Judge's July 23, 2024 Order*** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's system.

/s/ *Jody Kahn Mason*