IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, SEAN WALKER, TRI MINH LA, MELVYN L. CAISON JR., IAN DIEGO DELGADO, GABRIEL CASTELLANO, and JUAN CARLOS GARCIA, individually and on behalf of all other similarly situated current and former employees,<br><br>     Plaintiffs,<br>v.<br><br>OLD DOMINION FREIGHT LINE INC.<br><br>     Defendant. | Case No. 23 C 2187<br><br>Judge Jorge L. Alonso |

## ORDER

For the reasons stated herein, the Court overrules plaintiff's objections [197] to the Magistrate Judge's July 23, 2024 ruling. Plaintiffs' motion to strike [198] is denied.

## STATEMENT

In this putative class action asserting violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), via the Class Action Fairness Act, 28 U.S.C. § 1332(d), defendants have objected to a discovery ruling issued by the magistrate judge, to whom this Court has referred discovery supervision. On July 23, 2024, the magistrate judge granted plaintiffs' motion to compel [155] defendant to produce certain memoranda drafted by its in-house counsel. Defendant argues that this Court should overturn the ruling because, as defendant argued before the magistrate judge, the memoranda are protected by the work-product privilege. Because defendant does not convince the Court that the magistrate judge's ruling was clearly erroneous, the objection is overruled.

I.  **Legal Standards**

Where, as here, a district court considers timely objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's rulings will be modified or set aside only if they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Under the clear-error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The work-product privilege protects documents that "were prepared 'in anticipation of litigation.'" *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983) (quoting Fed. R. Civ. P. 26(b)(3)). The privilege does not apply by virtue of the "mere fact that litigation does eventually ensue," nor does it "come into play merely because there is a remote prospect of future litigation." *Binks*, 709 F.2d at 1118 (internal quotation marks omitted). Rather, the test is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Id.* at 1119 (internal quotation marks omitted). There must be "objective facts establishing an identifiable resolve to litigate prior to the" preparation of the document. *Id.* (internal quotation marks omitted). "[P]recautionary documents 'developed in the ordinary course of business' for the 'remote prospect of litigation'" do not qualify for protection, whereas "documents prepared because 'some articulable claim, *likely* to lead to litigation, has arisen,'" are privileged work-product. *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010) (quoting *Binks*, 709 F.2d at 1120 (cleaned up)); *see also Logan v. Com. Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996). "'A more or less routine investigation of a possibly resistable claim

2

is not sufficient to immunize an investigative report developed in the ordinary course of business'" for the purpose of making "business assessments of general risks regarding possible . . . liabilities." *Schlicksup v. Caterpillar, Inc.*, No. 09-CV-1208, 2011 WL 4007670, at *7 (C.D. Ill. Sept. 9, 2011) (quoting *Binks*, 709 F.2d at 1119 (internal quotation marks omitted)).

## II. Analysis

In objecting to the magistrate judge's ruling, defendant cites its in-house counsel's declaration, in which counsel explained that he prepared the memoranda in question in connection with defendant's ongoing effort to manage the risk of BIPA litigation, given its "prevalence . . . in Illinois." (Decl. of Peter Murphy ¶ 6, ECF No. 164-3.) What neither the declaration nor defendant's brief says, however, is that he prepared the memoranda in preparation to litigate these claims brought by these plaintiffs. No doubt there was an appreciable risk that defendant "could be the target of a lawsuit" under BIPA, but that "falls short of an identifiable resolve to litigate." *Hankins v. Alpha Kappa Alpha Sorority, Inc.*, 619 F. Supp. 3d 828, 838 (N.D. Ill. 2021) (internal quotation marks omitted). Nothing in defendant's brief convinces the Court that the memoranda were "prepared because some articulable claim, likely to lead to litigation, had arisen," rather than as "precautionary documents developed in the ordinary course of business" to deal with a general liability risk that defendant faced—namely, the general risk of BIPA litigation due to defendant's business practices. *See Schlicksup*, 2011 WL 4007670, at *7 (explaining that "[b]usinesses must assess and plan for litigation risks as part of the ordinary course of their business" in rejecting argument that certain tax-planning documents were entitled to work-product privilege).

Certainly, defendant's meager showing, which makes no effort to cite analogous case law dictating that a different decision was required, does not convince the Court that the magistrate judge's decision was clearly erroneous or contrary to law. Defendant essentially just asks the Court

to reassess a matter that the magistrate judge has already considered. But defendant must demonstrate clear error here, see *United States v. Frederick*, 182 F.3d 496, 499 (7th Cir. 1999), and "[o]rdinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 C 2496, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views [the] choice between them cannot be clearly erroneous.")); see *Kratzer v. Scott Hotel Grp., LLC*, No. 417CV00212TWPDML, 2019 WL 1915289, at *2 (S.D. Ind. Apr. 29, 2019); *Haas v. Burlington Cnty.*, 955 F. Supp. 2d 334, 336 (D.N.J. 2013) ("A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.") (citing *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (citing *Anderson*, 470 U.S. at 574)). The magistrate judge applied the law to the facts as she saw them in a way that was not clearly foreclosed by precedent, and therefore this Court is not persuaded that there was any clear error that would warrant overturning her decision.

**SO ORDERED.**                          **ENTERED: August 12, 2024**

**HON. JORGE ALONSO**
**United States District Judge**

4