**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN KARARO, SEAN WALKER, TRI MINH LA, MELVYN L. CAISON JR., IAN DIEGO DELGADO, GABRIEL CASTELLANO, and JUAN CARLOS GARCIA, individually and on behalf of all other similarly situated current and former employees, | ) ) ) ) ) ) ) | |
| | ) | Case No. 23 C 2187 |
| Plaintiffs, | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| OLD DOMINION FREIGHT LINE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiffs' motion to strike affirmative defenses [222] is denied.

**STATEMENT**

In this putative class action asserting violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), via the Class Action Fairness Act, 28 U.S.C. § 1332(d), plaintiffs have moved to strike certain affirmative defenses in defendant's answer to the Fourth Amended Complaint.

Motions to strike affirmative defenses are generally disfavored. Not only do they waste time, but they serve little purpose. *See U.S. Bank Nat. Ass'n v. Alliant Energy Res., Inc.*, No. 09-CV-078-BBC, 2009 WL 1850813, at *3 (W.D. Wis. June 26, 2009) ("Motions to strike waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim.") (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006)). Defendants usually plead affirmative defenses in "generic terms," and, although there is some disagreement among lower courts, the current "'majority view'" is that such bare-bones pleading suffices. *Aylan & Ramtin, LLC v. Barnhardt*, No. 19-CV-3402, 2022 WL 658786, at *2 (N.D. Ill. Mar. 4, 2022) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (4th ed. 2021)).[1]

---

[1] Plaintiffs have cited some of this Court's early decisions on the issue of the proper standard for evaluating motions to strike affirmative defenses, but the Court's view has evolved with the views of most courts and commentators, *see Aylan & Ramtin*, 2022 WL 658786, at *2 n.1 (noting that certain leading practice guides have embraced the current "majority view" in recent years, shifting away from a standard requiring greater detail). The Court now considers the current "majority

Plaintiffs' motion challenges certain of defendant's affirmative defenses on the ground, generally, that they are legally insufficient in the circumstances of this case. Plaintiffs' arguments are, if not out of place at the pleading stage, at least better addressed at summary judgment, following discovery. *See Aylan & Ramtin*, 2022 WL 658786, at *2-3. Indeed, the Court has just ruled that defendant's arguments in a Rule 12(b)(6) motion to dismiss as to one of these affirmative defenses—namely, laches—were premature at the pleading stage; it could hardly turn around and rule otherwise now. (*See* Jul. 19, 2024 Order at 10-11, ECF No. 186.) The same goes for the other affirmative defenses, as well. In fact, in arguing to strike the equitable estoppel defense, plaintiffs explicitly rely on information produced in discovery, a sure sign that they are raising fact issues that do not belong at the pleading stage. Plaintiffs argue that the Court should strike these affirmative defenses so that the parties can avoid wasting time and resources on them in discovery, but the Court trusts that the Federal Rules of Civil Procedure's normal mechanisms for keeping discovery within reasonable limits are fit for that purpose. Plaintiffs may seek summary judgment on affirmative defenses at the appropriate time; their arguments are not ripe as raised in the present motion to strike. Therefore, plaintiffs' motion is denied.

**SO ORDERED.**                                      **ENTERED: September 18, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

view" to be the preferred approach. *See Luxottica Group, S.p.A., v. cjdropshipping.com*, Case No. 22 C 1140 (N.D. Ill. June. 9, 2023) (ECF No. 72).