IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, et al. individually, and on behalf of all other Illinois citizens similarly situated,<br><br>           Plaintiffs,<br>  v.<br><br>OLD DOMINION FREIGHT LINE INC.,<br><br>           Defendant. | Case No. 23-cv-02187<br><br>District Judge Jorge L. Alonso<br><br>Magistrate Judge Heather K. McShain |

**PLAINTIFF'S SUPPLEMENTAL FILING IN SUPPORT OF**
**FINAL APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT**

NOW COME the Plaintiffs John Kararo, Sean Walker, Ian Travis, Melvyn L. Caison Jr., Gabriel Castellano and Diego Delgado ("Plaintiffs") by and through their counsel, James C. Vlahakis, and without opposition, submit this Supplemental Filing in Support of Final Approval of the Proposed Class Action Settlement:

**I. Introduction and Summary of the Proposed Class Action Settlement**

1. This putative class action involves alleged violations of the Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq*. ("BIPA").

2. After entertaining hearings on February 20 and 27, 2025, the Court granted preliminary approval on February 27, 2025, and appointed Angeion Group, LLC ("Angeion") as the Settlement Administrator. Dkt. 251, pp. 1, 10. The Court's Preliminary Approval Order stated that Class Counsel could "file a motion seeking an award of attorneys' fees and costs not to exceed 33.333% of the total value of the Maximum Settlement Fund in attorneys' fees and expenses, as well as Class Representative Awards of up to Ten Thousand dollars ($10,00.00) each for the Class Representatives." Dkt. 251 at ¶16.

3. On May 8, 2025, Plaintiffs filed a Combined Motion For Final Approval. Dkt. 252.

1

4.  As set forth in Plaintiffs' Combined Motion seeks - <u>without Defendant's opposition</u> - the approval of an award of Attorneys' Fees and Expenses not to exceed 33.333% of the total value of the Maximum Settlement Fund in the form of Attorneys' Fees and Expenses. Dkt. 252, pp. 25-26. And <u>with Defendant not opposing Class Representative Awards and deferring to the judgment of the Court on the amount</u>, Plaintiffs' Combined Motion seeks Class Representative Awards of Ten Thousand dollars ($10,00.00) each for the six (6) Class Representatives. Dkt. 252, pp. 21-25.[1]

5.  As previously disclosed in this filing, one Settlement Class Member (Alvaro Amigon) opted out of the proposed Class Action Settlement. Dkt. 252, p. 9, ¶32; Dkt. 252-1, Declaration of Steven Rogers at ¶15.

**II. Updated Information for this Court to Consider**

6.  After Plaintiffs filed their Combined Motion For Final Approval (Dkt. 252), the Administrator disclosed that a second Settlement Class Member (Andrew Binder) submitted an opt-out request post-dated on April 28, 2025, which was the court-approved deadline for opt-outs.

7.  The parties agree that Mr. Binder has effectively opted out of the proposed Class Action Settlement and have revised Paragraphs 8 and 9 of the proposed Final Approval Order to reflect this development.

8.  As discussed in Paragraph 21 of Plaintiffs' Combined Motion, the proposed net payout per Settlement Class Member is *higher* than originally projected because of the following:

    a. the total number of eligible Settlement Class Members was slightly lower than anticipated, with the final number of Settlement Class Members being 1,874 persons, rather than the 1,892 Defendant had originally estimated;

    b. the Administrator received 138 Notices returned as undeliverable by the USPS;

---

[1] As previously stated, Defendant would not oppose Awards of $7,500.00 for each Class Representative. Beyond that, it has stated that it will simply defer to the Court's judgment.

c. the Administrator located updated addresses for thirty-one (31) Settlement Class Members (who made up the 138 returned Notices); and

d. of the thirty-one (31) Notices sent to updated addresses, two (2) were returned by the USPS as undeliverable.

9. In total, the Administrator was unable to send Notice to **107** Settlement Class Members. This filing *revises* Plaintiffs' original Combined Motion which stated that the Administrator was unable to send Notice to 109 Settlement Class Members. Dkt. 252 at ¶22.

10. Accordingly, with the above updated figure of 107 Settlement Class Members who were unable to be sent a Notice, the Administrator successfully sent Notices to 1,767 Settlement Class Members (an *increase* from 1,765 persons – as previously reported). This is a very favorable result and demonstrates the Administrator and Parties' commitment to ensuring proper notice.

11. If final approval is granted, *after* payment of the Administrator expenses ($13,400), the proposed Attorney's Fees and Expenses (33.333% of the Maximum Settlement Fund), and the proposed Class Representative Awards of $10,000 x 6 (amounts that Defendant would not oppose if the Court ultimately deems them appropriate), each Settlement Class Member not previously paid a Release Payment will receive approximately $565.68 (an increase from a proposed payout of $540). This figure has been *revised* from Plaintiffs' earlier filing (Dkt. 252 at ¶ 21) as a result of counsel for the parties crunching numbers and determining (for the purposes of settlement) that 961 Settlement Class Member *never* signed a BIPA release.[2]

12. As to each Settlement Class Member who executed what ODFL asserts is an applicable and valid BIPA claim release (and was already paid a Release Payment of $500 in or

---

[2] If the Court were to award each Plaintiff $7,500 as opposed to $10,000, the figures reflected in Paragraph 10 would increase by 1.49%, from $565.68 to $574.18 (for Settlement Class Members who did not sign a release). As previously discussed (Dkt. 252-3), Class Counsel believes that each Plaintiff is entitled to at least $10,000 for their devoted service toward the successful prosecution of this case. See also, Dkt. 252 ¶¶48-51.

3

around April and May of 2023), if final approval is granted, *after* payment of the Administrator expenses, the proposed Attorney's Fees and Expenses, and the proposed Class Representative Awards identified in Paragraph 11 of this filing, each Settlement Class Member who executed a release and received a prior payment will receive approximately $65.68 (an increase from $40). This figure has been *revised* from Plaintiffs' earlier filing (Dkt. 252 at ¶ 21) as a result of counsel for the parties crunching numbers and determining (for the purposes of settlement) that 804 Settlement Class Member signed a BIPA release and received a prior payment.

### III. No Objections Have Been Received Since Plaintiffs' May 8th Filing

13. As previously discussed, it is Plaintiffs' position that this Honorable Court should grant each Plaintiff a Service Award of $10,000 for their services and Award Class Counsel a Fee and Expense Award of 33.333% of the Maximum Settlement Fund. Dkt. Dkt. 252, ¶¶48-55. At the time of Plaintiff's Combined Motion, which was filed on May 8, 2025, no Settlement Class Members objected to this relief. *Id.* at ¶¶ 10, 19, 24, 33, 51, 71.

14. Further, *since* the filing of Plaintiff's Combined Motion, no Settlement Class Members have submitted a timely or late objection to (A) Plaintiffs' proposed Service Awards of $10,000 or the proposed Fee and Expense Award of 33.333% of the Maximum Settlement Fund.

WHEREFORE, because the Settlement Agreement makes significant monetary relief available to Settlement Class Members who might have recovered nothing without the Settlement, and the Settlement meets all applicable legal requirements set forth by FRCP 23(a) and 23(b), the Court should grant final approval. In summary, as reflected by Dkt. 252 at ¶23, the parties *jointly move* for the entry of a final approval order, where a *revised* proposed Final Approval Order (drafted by both parties) is attached as Exhibit 1 and reflects edits to include references to the second opt-out in Paragraphs 8 and 9.

Respectfully submitted on May 21, 2025

/s/ *James C. Vlahakis*

*Counsel for John Kararo, Sean Walker,
Melvyn L. Caison Jr., Ian Travis,
Gabriel Castellano, and Diego Delgado*

James C. Vlahakis
VLAHAKIS LAW GROUP LLC
20 N. Clark Street
Suite 3300
Chicago, IL 60602
312-648-6127
jamesv@vlahakislaw.com