IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KARARO, et al., individually and on behalf of all other Illinois citizens similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 23-cv-02187 ) |
| v. | ) District Judge Jorge L. Alonso ) |
| OLD DOMINION FREIGHT LINE INC., | ) Magistrate Judge Heather K. McShain ) |
| Defendant. | ) ) |

**FINAL ORDER AND JUDGMENT**

This matter coming to be heard on a Plaintiff's Combined Motion for Final Approval of Class Action Settlement and Final Approval of Proposed Class Representative Awards and Class Counsel's Proposed Fee and Expense Award ("Motion for Final Approval") Dkt. 245, due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs John Kararo, Sean Walker, Ian Travis, Melvyn L. Caison, Jr., Gabriel Castellano and Diego Delgado ("Plaintiffs" or "Class Representatives") and Defendant Old Dominion Freight Line, Inc. ("Defendant") (collectively, the "Parties").

2. This Court has jurisdiction over the subject matter of the Lawsuit and personal jurisdiction over all parties to the Lawsuit, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated February 27, 2025 (Dkt. 251), and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of Plaintiffs' Motion for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations of Steven Rogers (Associate Project Manager with Angeion Group, LLC) and Class Counsel, James C. Vlahakis.

5. The Court held a Final Approval Hearing on May 22, 2025, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Lawsuit, and the fact that the Settlement Agreement is the result of arms-length negotiations, further support this finding.

7. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All current and former employees of Defendant who used the finger scanning feature of a Kronos time clock while working for Defendant in Illinois from April 6, 2018, to the date of preliminary approval of the Settlement of the Lawsuit.

8. There were no objections, and two timely exclusion forms were filed by Alvaro Amigon and Andrew Binder.

9. Accordingly, all Settlement Class Members, other than Alvaro Amigon and Andrew Binder, are part of the above defined Settlement Class and are bound by this Final Order and Judgment.

10. For settlement purposes only, subject to FRCP 23(a)(4), the Court confirms the appointment of the Named Plaintiffs - John Kararo, Sean Walker, Ian Travis, Melvyn L. Caison, Jr., Gabriel Castellano and Diego Delgado - as Class Representative of the above defined Settlement Class.

11. For settlement purposes only, subject to FRCP 23(a)(4), the Court confirms the appointment of James C. Vlahakis as Class Counsel, and finds they are experienced in class litigation, including in biometric privacy litigation, and have adequately represented the above defined Settlement Class.

12. With respect to the Settlement Class, this Court finds, for settlement purposes only, and consistent with FRCP 23 and 23(b) that:

> (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable;
>
> (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members;
>
> (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class;
>
> (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy;

(e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and

(f) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

13. Consistent with the requirements of FRCP 23(c)(2), the Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of FRCP 23(c)(2), applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

14. The Court has determined that in order for it to approve the Parties' settlement, establishment of a *cy pres* fund for undistributed funds is necessary in lieu of the return of uncashed funds to Defendant, as follows:

- 50% to A.R.F. Animal Rescue Foundation ("ARF") (as proposed by Plaintiff John Kararo, see, Dkt. 245-1, ¶49f);

- 25% to the Chicago Bar Foundation ("CBF") (as proposed by Defendant in the Parties' supplemental filing (Dkt. 248); and

- 25% to the Illinois Bar Foundation ("IBF") (*Id*.).

15. As set forth in Paragraph 49(e) of the Settlement Agreement, as modified by the Court's Preliminary Approval Order and as documented by Paragraph 14 of this Order, checks disbursed to Settlement Class Members from the Settlement Fund that are uncashed after sixty (60) days, shall become stale and void, and any such uncashed check funds will be transferred by the Settlement Administrator for distribution to the cy pres recipients as described in Paragraph 14.

16. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. Subject to the terms of Paragraphs 14 and 15, the terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17. The Court dismisses the Lawsuit with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant. The Court adjudges that the Released Claims and all the claims described in Paragraphs 50 and 51 of the Settlement Agreement are released against the Released Parties.

18. The Court adjudges that the Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, as defined under the Settlement Agreement.

19. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

20. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata*

preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

22. The Court approves the payment of Class Counsel's proposed Fees and Expense Award of 33.333% of Maximum Settlement Fund, in the amount of $541,661.25. This amount shall be paid from the Maximum Settlement Fund in accordance with the terms of the Settlement Agreement.

23. The Court, having considered the materials submitted by Class Counsel in support of Class Counsel's proposed Fees and Expense Award, finds the Class Counsel's proposed Fees and Expense Award is appropriate and reasonable for the following reasons. First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the Class Counsel's proposed Fees and Expense Award followed after the Parties

negotiated funds payable to Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award of up to 33.333% of the Maximum Settlement Fund, and no objections were filed in response to this proposed relief.

24. The Court approves Class Representative Awards in the amount of $10,000 for each of the six named Plaintiffs and specifically finds such amount to be reasonable considering the services performed by them for the Settlement Class, including taking on the risks of litigation, and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Maximum Settlement Fund in accordance with the terms of the Settlement Agreement.

25. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Lawsuit or a determination of any wrongdoing by Defendant, or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

26. No objections were filed by any Settlement Class Member.

27. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

8

28.　　The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**

ENTERED: May 22, 2025 　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Jorge L. Alonso